No. 17-12193-DD

U.S. COURT OF APPEALS
RECEIVED
CLERK
JUL 27 2017
ATLANTA, GA

IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

MICHAEL S. FOSTER

Appellant / Defendant

-Vs-.

UNITED STATES OF AMERICA

Appellee / Plaintiff

APPEAL FROM THE FINAL DECISION OF THE

UNITED STATES COURT FOR THE

NORTHERN  DISTRICT OF FLORIDA

Senior Justice Lacy A. Collier, and

Chief Magistrate Elizabeth M. Timothy

APPELLANT MICHAEL S. FOSTER

OPEANING BRIEF

Presented By;

Michael S. Foster

Fed. No. 06272-017

P.O. Box 24550

Federal Correctional Complex / US. Penitentiary

Tucson, Arizona 85734-4550

USCA11 Case: 17-12193   Document: 38   Date Filed: 09/28/2017   Page: 2 of 89

## I. CERTIFICATE OF CORPORATE INTERESTS

I, MICHAEL S. FOSTER, hereby state as the Appellant in this matter, submits the following statement of corporate interests and affiliations [ if any ] for the use of this Court, pursuant to Eleventh Circuit Rules 28-1 (b), and in compliance with Fed.R.Civ.P. Rule 26.1.

1. I Michael s. Foster, is not a publicly held corporation or other publicly held entity.

2. I Michael S. Foster, Does not have ant parent corporations.

3. I, Michael S. Foster, knows of no one who owns any stock in the interest in this case, but is unsure of the United States and it's interests.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 3 of 89

4. No other publically held corporations or other publicly held entity is believed to have any direct, financial interests in the outcome of the litigation.

I further saith not.

Presented by:

Michael S. Foster

Fed. No. 06272-017

P.O. Box 24550

Federal Correctional Complex / US. Penitentiary

Tucson, Arizona 85734-4550

(1)

## II. Certificate Of Interested Persons (CIP)

(Fed.R.Civ.P. Rule 26.1, 11th Cir.R. 28.1(b).)

### III. STATEMENT OF ORAL ARGUEMENT

Pursuant to Fed.R.Civ.P. Rule 34, and 11th Cir. The Appeal is not frivolous, as it deals with the Application of the Writ Of Habeas Corpus Adita Querela, when the standard § 2255 is unavailable.

The issue in the 11th Cir. is clouded by the "middle grounds", available to the applicant, when once the issue was valid, instantly becomes in-valid, and time has expired in a 2255 issue.

Although the facts and legal arguements are included in this matter, Appellant moves this Court upon reaching the panel for consideration, moves this Court to appoint a Amicus Curiae, of a Constitutional Colledge or of Appointment of Counsel, to assist in this issue, absent the allowance of a In prison, inmate to argue, in a Teleconfrence forum.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 5 of 89

(2)

Oral Arguement is respectfully requested.

Michael S. Foster

Fed. No. 06272-017

P.O. Box 24550

Federal Correctional Complex / US. Penitentiary

Tucson, Arizona 85734-4550

## IV. TABLE OF CONTENTS

I.    Certification Of Corporate Interests,
.............................................i.

II.   Certification Of Interested Persons,
.............................................ii.

III.  Statement Of Arguement,
.............................................iii.

IV.   Table Of Contents,
.............................................iv.

V.    Table Of Citations,
.............................................v.

VI.   Statement Of Jurisdiction,
.............................................vi.

VII.  Statement Of Issues,
.............................................vii.

Issue / One

       Whether Or Not The District Court Erred
       When It Rules That The Petitioner Could
       Have Raised The Issues In The First And
       Second Request For Relief, Within The
       Statuatory Deadlines Of 28 USC. § 2255(f)(3)
       and (4)

.............................................14.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 7 of 89

(2)

Issue / Two

Whether Or Not The District Court Must
First Establish The Correct Guidelines
Range, Then Finish The Sentence For
Reasonableness, And If So Did The
District Court Error in Failing To Find
The Correct Guidelines Level, Prior To
Useing The 18 USC § 3553  Factors
Violating The Constitutional Rights Of
Petitioner.

..........................................................31.

Issue / Three

Whether Or Not The New Rule Of The
Supreme Court Of The United States Makes
The Courts Incorrect For Convicting
The Petitioner To Multiple Convictions
In Violation Of The Wharton's Rule Of
Double Jeopardy, For The Multiplication
Of The Same Sentence. And Because Of A
New Rule Of Teague Makes The Challenge
Available On Collateral Review That Was
Not Previously Available.

..........................................................42.

(2)

Issue / Four

> The District Court Committed Plain Error
> When It Imposed And Increased The Length
> Of A Guidelines Recommended Sentence To
> Enable The Offender To Complete A
> Treatment Program Or Otherwise Promote
> A Rehabilitation Goal In Violation Of
> The Fifth Amendment Due Process Of The
> U.S. Constitution.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .56.

VIII.   Summary Of Arguments
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1.

IX.    Statement Of The Case
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9.

X.     Arguments;
       Issue / Argument One
       Whether Or not The District Court Erred
       When It Rules That The Petitioner Could
       Have Raised The Issues In The First And
       Second Request For Relief, Within The
       Statutory Deadlines Of 28 USC § 2255 (f)
       (3) and (4).
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 9 of 89

A. The Standard ... 14

B. The Facts ...19

C. Arguments ...21

D. Relief ... 30

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Issue / Argument Two

Whether Or Not The District Court Must
First Establish The Correct Guidelines
Range, Then Finish The Sentence For
Reasonableness, And If So Did The
District Court Error In Failing To Find
The Correct Guidelines Level, Prior To
Using The 18 USC § 3553 Factors
Violating The Constitutional Rights Of
Petitioner.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31.

A. Summary ... 31

B. Standard  ... 31

C. Facts ... 34

D. Summary ... 40

Issue / Three

Whether Or Not The New Rule Of The
Supreme Court Of The United States Makes
The Courts Incorrect For Convicting
The Petitioner To Multiple Convictions
In Violation Of The Wharton's Rule Of
Double Jeopardy, For The Multiplication
Of The Same Sentence. And Because Of A
New Rule Of Teague Makes The Challenge
Available On Collateral Review That Was
Not Previously Available.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .42.

A. Standard ... 42
B. Arguments ... 45
C. As Applied ...      49
D. Conclusion ... 55

Issue / Four

The District Court Committed Plain Error
When It Imposed And Increased The Length
Of A Guidelines Recommended Sentence To
Enable The Offender To Complete A
Treatment Program Or Otherwise Promote
A Rehabilitation Goal In Violation Of
The Fifth Amendment Due Process Of The
U.S. Constitution.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .56.

A. Standard ... 56
B. Argument ... 58
C. Conclusion ... 60

XI      Conclusion
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .61.
XII.    Certificate Of Compliance
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .62.
XIII.   Certificate Of Service
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .63.

Page: 13 of 89   Date Filed: 09/28/2017   Document: 38   USCA11 Case: 17-12193

## V. TABLE OF CITATIONS

_____

]

Statues

_____

18 USC § 2241 (c),

..............................................9,20,24,36,37,58.

18 USC § 2243 (a),

........................................................9,58.

18 USC § 3553,

....................................................19,31,54.

18 USC § 3582,

...........................................................57.

28 USC § 2255

............................1,3,8,13,4,15,23,26,28,61.

Fed. Rules

_____

Fed. R. Crim. P. Rule 52 (b),

...........................................................33.

2005 Sentencing Guidelines 2A3.2 (a),

...........................................................37.

Alleyne v. United States,

570 US. __; 186 L.Ed2d  ; 133 S.Ct. 2151, 2762-63 (2013).

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,35,36,38.

Ball v. United States,

470 US. 856, 865; 84 L.Ed2d 745 (1985)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48.

Blockburger v. United States,

284 US. 299; 76 L.Ed2d 306 (1939)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46,48.

Dodds v. United States,

545 US. 353, 357,58; 167 L.Ed2d 343 (2005)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,26.

Gali v. United States,

522 US. 38, 49; 196 L.Ed2d 455; 128 S. Ct. 586 (2007)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,18.

Henderson v. United States,

586 US. __; 185 L.Ed2d 85 (2013)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57.

Illinois v. Vatle,

447 US. 410, 415; 65 L.Ed2d 285; (1980).

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42,48.

In re Dorsinvil;

119 F.3d 245, 248 (3rd Cir. 2007)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15.

Page: 14 of 89    Date Filed: 09/28/2017    Document: 38    USCA11 Case: 17-12193

In Re Snow;

120 US. 770; 43 LED 658;

.......................................................43,47.

Johnson v. United States,

544 US. 292, 305 ; 161 L.Ed2d 542 (2005)

.......................................................15,27.

Menna v. New York,

423 US. 61; 46 L.Ed2d 195; 26 S.Ct. 241 (1975)

.......................................................5,50.

Mitchel v. New York,

519 F3d 1267, 1268 n.1 (Fifth and Eleventh Cir. 2008)

.......................................................14,26.

Molina-Martinz v. United States,

___ US. ___; 194 L.Ed2d 444; (2016)

...............2,6,8,11,16,17,22,24,27,33,34,40,50,54,57,61.

Oregon v. Kentucky,

456 US. 667, 671; 71 L.Ed2d 416 (1982)

.......................................................47.

Orlanske v. United States,

627 Fed. Appx. 915 ( Fifth and Eleventh Cir. 2015).

.......................................................2.

P.A. Bureau Of Corrections.

474 US. 34; 88 L.Ed2d  ; 106 S.Ct. 355 (1985)

.......................................................1.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 15 of 89

(Table - 4 ).

Parks v. United States,

832 F.2d 1244, 1246 ( Fifth and Eleventh Cir. 1987)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .56.

Peugh v. United States,

569 US. __; 133. S.Ct. 2071 (2013)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18,33,53.

Schriro v. Simmerlin,

384 US. 351, 353; 159 L.Ed2d 442 (2004)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16,32.

Slack v. McDaniel,

529 US. 473, 484; 146 L.Ed2d 542 (2000)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16,32.

Tapia v. United States,

563 US. _-; 180 L.Ed2d 334 (1989)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .57.

Teague v. Lane,

489 US. 288; 103 L.Ed2d 334 (1989)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,3,5,7,16,25,32,61.

Triestman v. United States,

489 US. 288; 103 L.Ed2d 334 (1989)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15.

United States v. Ayala,

894 F.2d 425, 428 n.4 an 5 (D.C. Cir. 1989)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .57.

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 16 of 89

Page: 17 of 89    Date Filed: 09/28/2017    Document: 38    USCA11 Case: 17-12193

United States v. Bana,

1 F.3d 354, 355 ( Fifth and Eleventh Cir. 1993)

........................................................29.

United States v. Bob,

577 F.3d 1372 (Fifth and Eleventh Cir. 2009)

....................................................40,48.

United States v. Booker,

543 US. 220 ; 160 L.Ed2d 621 (2005)

........................................................33.

United States v. Broce,

488 Us. 563, 569; 102 L.Ed2d 927; 109 S.Ct. 757, 762 (1989)

.....................................................5,51.

United States v. Brown,

7 F.3d 1155, 1163 n.6 ( Fifth and Eleventh 1993).

........................................................52.

United States v. Espinoza,

92 Fed. Supp. 3d 1210 (M.D. Flo 2017)

........................................................57.

United States v. Flanders,

757 F.3d 1317, 1337-38 (Fifth and Eleventh Cir. 2014)

........................................................43.

United States v. Flores,

616 F.2d 840 ( Fifth and Eleventh Cir. 1980)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15.

United States v. Foster,

209 Fed. Appx. 942 ( Fifth and Eleventh Cir. 2006)

. . . . . . . . . . 4,9,11,20,21,22,23,28,34,35,36,38,40,45,52,58,59.

United States v. Foster,

2017 US. Dist. LEXIS 59825 (N.D. Fl 2017)

. . . . . . . . . . . . . . . . . . . . . . .5,9,10,23,34,35,36,38,40,45,52,58,59.

United States v. Holt,

417 F.3d 1172, 1175 (Fifth and Eleventh Cir. 2005)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .28.

United States v. Howard,

2016 US. App. LEXIS 20313 (Fifth and Eleventh Cir. 2016)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .36,38.

United States v. Ivey,

612 F.3d 1160, 1189 ( Fifth and Eleventh Cir. 2010)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .58.

United States v. LaPante

57 F. 3d 252, 253 (2nd Cir. 1995)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5.

United States v. Marble,

578 F.2d 151, 153 (Fifth and Eleventh Cir. 1988)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44,46.

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 18 of 89

United States v. McCord,

33 F.3d 1443 n.1 ( Fifth and Eleventh Cir. 1997)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .53.

United States v. McNair,

605 F.3d 1132, 1214-25 (Fifth and Eleventh Cir. 1998)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .45,46,52,53.

United States v. Miller,

599 F.3d 484 ( Fifth and Eleventh Cir. 2010)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29.

United States v. Nyhis,

88 F.3d 731, 736 ( Fifth and Eleventh Cir. 1993)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44.

United States v. Orlando,

507 US. 725, 731/ 113 S.Ct. 1019/ 123 L.Ed2d 508 (1993)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .53.

United States v. Payan,

832 F.2d 1244, 1246 ( Fifth and Eleventh Cir. 1982)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .53.

United States v. Previte,

648 F.2d 73,77 (1st Cir. 1981)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .53.

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 19 of 89

(Table - 8 ).

United States v. Tucker,

30 F.2d 1279, 1305  ( Fifth And Eleventh Cir. 1999)

.......................................................56.

United States v. Welch

__ US. __; 194 L.Ed2d 387 (2016)

...............................2,3,5,7,12,17,25,27,50,61.

United States v. Worth,

2015 US. App. LEXIS 139740

.......................................................47.

United States v. Wynn,

292 F.3d 226  (Fifth And Eleventh Cir. 2002)

.......................................................27.

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 20 of 89

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 21 of 89

## VI. JURISDICTION

---

[ District Court Jurisdiction ]

      The district court from which this appeal is taken had jurisdiction of this action pursuant to 28 USC 1651, and "The All Writs Act", pursuant to the Writ Of Audita Querela. In particular, the jurisdiction was proper because the Appellant attempted to Correct a Judgement which was correct, when it was rendered, but has since become invalid pursuant to the recent rulings of the Supreme Court of the United States.

[ Appeals Court Jurisdiction ]

      This Court has jurisdiction over this Appeal pursuant to 28 USC. § 1291. In particular, jurisdiction under this statue is proper because, this appeal is from the final judgment rendered and entered in the United States District Court for the Northern District Of Florida.

      This Appeal is timely, because under the provisions of Rule 4(a)(1)(B)(i), because the United States in this matter is a party. And Judgement was entered on the     date of 2017., And the Appeal was subsequently filed within the 60 day rule, on the    date of    2017.

## VII. STATEMENT OF THE ISSUES

Issue / Arguement One;

WHETHER OR NOT  THE DISTRICT COURT ERRED
WHEN IT  RULED THAT THE PETITIONER COULD
HAVE RAISED THE ISSUES  IN THE FIRST AND
SECOND REQUEST FOR RELIEF,  WITHIN  THE
STATUATORY DEADLINES OF 28 USC § 2255(f)
(3) AND (4).

Issue / Argument Two;

WHETHER OR NOT  THE DISTRICT COURT
MUST
FIRST ESTABLISH  THE CORRECT  GUIDELINES
RANGE,  THEN  FINISH  THE  SENTENCE  FOR
REASONABLENESS,  AND  IF  SO  DID  THE
DISTRICT COURT  ERROR IN FAILING TO FIND
THE CORRECT  GUIDELINES LEVEL,  PRIOR TO
USING  THE  18  USC  §  3553  FACTORS.
VIOLATING  THE CONSTITUTIONAL  RIGHTS OF
THE PETITIONER.

(2)

Issue / Arguement Three:

> WHETHER OR NOT THE NEW RULE OF THE
> SUPREME COURT OF THE UNITED STATES MAKES
> THE COURTS INCORRECT FOR CONVICTING
> THE PETITIONER TO MULTIPLE CONVICTIONS,
> IN VIOLATION OF THE WHARTON'S RULE, OF
> DOUBLE JEOPARDY, FOR THE MULTIPLICATION
> OF THE SAME SENTENCE. AND BECAUSE OF A
> NEW RULE OF TEAGUE MAKES THE CHALLENGE
> AVAILABLE ON COLLATERAL REVIEW THAT WAS
> NOT PEVIOUSLY AVAILABLE.

---

> THE DISTRICT COURT COMITTED PLAIN ERROR
> WHEN IT IMPOSED AND INCREASED THE LENGTH
> OF A GUIDELINES RECOMMENDED SENTENCE TO
> ENABLE THE OFFENDER TO COMPLETE A
> TREATMENT PROGRAM OR OTHERWISE PROMOTE
> A REHABILITATION GOAL IN VIOLATION OF
> THE FIFTH AMENDMENT DUE PROCESS OF THE
> U.S. CONSTITUTION

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 23 of 89

(3)

USCA11 Case: 17-12193　　Document: 38　　Date Filed: 09/28/2017　　Page: 24 of 89

Issue Five;

WHETHER OR NOT THE ISSUE OF, WHETHER OR
NOT THE DISTRICT COURT COMMITTED PLAIN
ERROR WHEN IT REFUSED TO CONDUCT A
PROPER COMPETENCY EVALUATION THAT SHOWS
THAT PETITIONER IS SUFFERING AND [ MAY
HAVE ] [ BEEN ] SUFFERING FROM THE
MILITARY IDENTIFIED POST TRAMADIC STRESS
IN VIOLATION OF HIS DUE PROCESS RIGHTS.
AND COULD THE INFORMATION DISCOVERED
AFTER THE PLEA, COULD IT HAVE BEEN
DISCOVERED IN TIME TO FILE THE § 2255.

Issue Six;

THE DISTRICT COURT COMMITTED PLAIN ERROR
WHEN IT IMPOSED AND INCREASED THE LENGTH
OF A GUIDELINES RECOMMENDED SENTENCE TO
ENABLE OFFENDER TO COMPLETE TREATMENT
PROGRAM OR OTHERWISE PROMOTE A
REHABILITATION GOAL IN VIOLATION OF THE
FIFTH AMENDMENT DUE PROCESS OF THE U.S.
CONSTITUTION.

## √III.. SUMMARY OF THE ARGUMENTS

---

That the Appellant contends that the District Court erred when it determined, using a U.S. Magistrate, for the ruling, the opinion stated  that the issues raised, in the First and Second relief could have been raised within the statutory deadlines, of 28 USC § 2255(f).(3)-and-(4)., and not through the means of the Writ Of Habeas Corpus "Writ of Audita Querela".

Because as shown below, the statutory deadlines that regulate, the use of the § 2255, had ended, and were not available for use. As the issues were a (1) matter of a valid defense, ... arising only after the  entry of a Judgment in a criminal case; (2) it would be unconscionable to execute such a Judgment; and (3) for reasons that could not have been raised in the criminal proceedings' on a direct appeal, or otherwise. -see- [ P.A. Bureau Of Corrections v. U.S. Marshal Service, 474 US. 34, 43; 88 L.Ed2d ; 106 S.CT. 355 (1985)-].

Meaning that the Writ Of Habeas Corpus "Writ of "Audita Querela", is the only means used to attack a criminal conviction on a basis that has arising subsequent to the conviction, and the issue is not redressable pursuant to another post conviction remedie. -see- [ United States v. La Plante, 57 F.3d 252, 253 (2nd Cir. 1995)-], and only to attack the Criminal conviction, -see- [ Orlansky v. United States, 627 Fed. Appx. 915 (Fifth and Eleventh Cir. 2015)-]. As follows;

The Supreme Court case in [ Molina - Martinez, v. United States, 136. S.Ct. 1338. 94 L.Ed2d 444 (2016)-]. Was not made by the Supreme Court, Retroactive, per the plain meaning of the Rule, However with the following , through [ Teague v. Lance {supra} -], and [ Welch v. United States {supra}-], makes what was once a correct law, not incorrect, and available only to the Audita Querela.

At no time does the Petitioner argue, Reasonable, as an issue, and it just might be if formulated correctly, which it currently is not.

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 27 of 89

So with the question is Whether or Not the Appellant could have filed the matter using the Writ Of Habeas Corpus 28 U.S.C. 2255(h).

In the First Issue, the Question is because the District Court is believed to have erred, when it ruled that the issue could have been raised first, within the Statutory Deadlines, of § 2255, specifically using (3) or (4).

The Appellate argues, that because the issue is [not] {Alleyne v. United States, {supra}, but the incorrect calculation of the sentencing guidelines, and that the U.S. Supreme Court did not specifically use the ruling that the case is retroactive for collateral review, but rather dealing with a bad sentence, one would believe that the [ Teague v. Lane {supra}-], as argued, with the assistance of [ Welch v. United States, {supra}-], changed the way the issue is viewed, and that it should be used in collateral attacks, as if Counsel missed the mark, in an Appeal, the Petitioner should have the opportunity to collaterally attack the issue, under the Plain error, or ineffective assistance of Counsel.

And in reference to the secion three, that the Supreme
Court did not specifically render the issue retroactive, and
therefore the issue of (3), is not available.

And the issue of newly discovered, the issue was not
proper for collater review, and fell within the issues in a
"grey area", was once good law, and since the ruling is no
longer. ( i.e. Audita Querela). The writ of Audita Querela is
proper, in the format as identified in the Circuit.

But the District Court claims without any example, or
reference to any case law that the issue, should have been
filed within 1 year from the date of the Conviction. But the
conviction occurred in 2006, and this issue being brought
occurred 10 years later.

It is hard to understand from a U.S. Magistrate point
how one could file a 2255, 10 years ahead of the issue being
addressed. -see- [ United States v. Foster, 209 Fed. Appx.
942, 943 (Fifth And Eleventh Cir. 2006)-].

(5)

And the exceptions ( referring to no.3 or 4. ), the
exercise of due diligence, could have been discovered, was
irrelevant the issue dealt with what was once a good sentence,
is no longer good.

In Issue Two, a same as argument was made to the
claim, revealed that the issue in Count Two could have been
raised earlier. -see- [ United States v. Foster, 2017 US.
Dist. LEXIS 59825 (N.D. Fl 2017)-].

But the Court believed that the incorrect conviction
for multiple convictions in violation to the Wharton's Rule,
(a  cousin to double jeopardy), and because the issue was not
at the time available, it was made available thought the [
Welch v. United States, {supra}, argument ], a change in the
meaning of [ Teague v. Lane {supra}.].

And a plea of guilty [n]ever waves the right to a
Double Jeopardy, post judgment claim -see- [ United States v.
Broce, 488 US. 563, 569; 109 S.Ct. 757, 762; 102 L.Ed2d 927
(1989)-], -and see- [ Menna v. New York, 423 US. 61; 96 S.Ct.
241; 46 L.Ed2d 195 (1975)-].

(6)


     But the argument was made to the sentence rather than the Conviction. The Court again incorrectly sentenced the petitioner to Multiple Sentences, when as argued, that the criminal act, pursuant to the Wharton's rule was actually one continuous crime.


     And as argued, that the issue is one that the [ Molina-Martinez ], was argued, the court post conviction of multiple convictions, should have sentenced to one crime. As all the alleged offences, were to have occurred (together), meaning each crime although posting a separate date, was in the continued pattern, of the other.  And As follows violated the Double Jeopardy, and may have as well on the convictions as well.


     In Issue Three, a argument was made, that the claims that "Petitioner's sentence on counts one through Thirteen, which [w]as [i]n [e]excess 'of the of the applicable guidelines range , was approved by the Eleventh Circuit, as reasonable".

Having been surprised by this answer, because the Supreme Court Of the United States, has made it clear, to the Fifth Circuit (shared by the Eleventh Circuit), that a defendant seeking ... review of a ... United States sentencing guidelines error ... when [the] defendant is sentenced the district court must observe the correct sentencing guidelines level, and calculations, and when the district Court incorrectly calculates multiple alleged convictions together it has committed double jeopardy, and has used the incorrect guidelines range, and caused plain error.

An based upon the rulings in the undecided Supreme Court case, the issue of collateral review, weighed against the factors, of [ Teague ]., and [ Welch ], make the issue ripe for collateral review. That was previously not present. The issue was not reasonable, and that standard cannot be used at the Guidelines Level.

And for this issue alone, in error, the Habeas Should be granted, decision vacated ahd the grant to the request for the Writ.

(8)

     In Issue Four, a argument was made, the same as Issue
Two, but that it did not warrant Audita Querela Relief, but as
shown below, that is not correct, because the issue was not
ripe until the calculations to the guidelines became relevant
in the [ Molina - Martinez case (Supra) ]. -see- and neverthe
less was not available for 2255 relief.

     The Court claimed that it was unclear, of why it could
not have been made sooner, but the Martinez, made the
corrected Fifth Circuit issue relevant , and correctable, and
believed on collateral review.

     And the remainder to of the issues could not have been
raised sooner, as the issues were not available, until after
the conviction became final, were not made retroactive for
review, and were once a good law, but because of the Supreme
Court Rules, no longer is good law. As argued below, because
of the following move this court to vacate the district court
ruling, and direct the Court on a remand , to re-decide the
district court case, and Grant the Writ of Habeas Corpus.

(1)                    ᵀ𝕏   STATEMENT OF THE CASE

───────────────────────

That the Appellant Foster, was indicted on a 13 count indictment, on allegations of sexual acts with a minor, over the course of four years., -see- [ United States v. Foster, 209 Fed. Appx. 942, 943 (11th Cir. 20060-], -see also- [ United States v. Foster, 2017 U.S. Dist. Lexis 59826 (N.D. Fl. 2017)-].

That within the thirteen count indictment, allegations were knowingly engaging in a sexual act with a minor, over an extended period of time, of a person who had not attained the age of twelve, then of the same person and continued pattern, twenty eight counts, of sexual misconduct, after reaching the age of twelve. -see- [ United States v. Foster, 209 Fed. Appx 942, 943 (Fifth and Eleventh Circuit 2006)-]. (" 18 USC § 2241(c), and 18 USC. 2243(a) respectively.).

That at the Plea Hearing,on the 9th date of May 2006, the Appellant Foster, made a "open plea", with out any agreements, nor enhancements, or further allegations. Petitioner plead to the allegations, without further charging issues, to the sexual conduct with the minor victim over a monthly basis from June 2002 through 2005..

-see- [ United States v. Foster, 2017 U.S. Dist. Lexis 59826
(N.D. Fl. 2017)-].


        Prior to sentencing, the Appellant Foster, moved at
his sentencing hearing to admit his issues of his mental
evaluation into evidence. The Report was not a PTSD finding,
or adequate, to the Competence, or other issues related to the
Question, the report was inadequate.


        Following prior to sentencing, the Presentence
Investigation Report ("PSR"), calculated (incorrectly),
calculating each count as a different group because the
probation officer, believed that each involved separate harms.
And after applying enhancements that were not plead to, nor
included in the Indictments, nor listed in any trials, the
Parole Office alone determined that the sentencing level was,
the applicable guidelines range to be 253 to 293 months. (
Noting that the adjusted level by the parole office, and their
belief was level 38, when the base levels were ( 2241 = 27 in
2002)-and-(30 in 2004 to 2005).

(3)

When sentenced the, District Court noted that the
Appellant Foster, instead to being sentenced to level 30, was
sentenced instead to level 36. -see- [ United States v.
Foster, 209 Fed. Appx 942, 943 Note 2 (Fifth and Eleventh
Circuit 2006)-].

The Appellant did object to the sentencing factors
used to sentence the Appellant. -see- -see- [ United States v.
Foster, 209 Fed. Appx 942, 944 (Fifth and Eleventh Circuit
2006)-].

That the Sentencing Court incorrectly sentenced the
Petitioner, by counting a set of convictions before, and by
counting a set of convictions after, the alledged vistim was
of the age if 12. -see- [ United States v. Foster, 209 Fed.
Appx. 942, 944 (11th Cir. 2006)-].

That the Appellant Foster believes that the issues
involve erroneous sentencing determinations, which caused the
unlawfully increase of the Defendant's (the Appellant herein),
prison is conizable on collateral review. Specifically when
that sentence begins incorrectly, useing the incorrect
Sentencing Guidelines level, as it does here, because of a new
interveaning change in the proceedure of the laws, that
determin the sentence, as found in [ Molina - Martinez v.
United States, __ US. __; 194 L.Ed2d 444 (2016)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 35 of 89

(4)

Therefore the Appellant Foster, came before the District Court, and because the Supreme Court of the United States, And as before this Court, using a Writ Of Audita Querela, reasoning that the issues were believed once to be correct law, but the recent decisions on the Supreme Court, made the issues ripe, not only for Appeal, but because the incorrect calculation of a sentence, is serious, especially when factors are used, the Supreme Court issued a opinion in [ Welch v. United States, -], that implies that collateral review, could also be used in this matter.

However as Appealed the denial, the District Court U.S. Chief Magistrate, believed to have wanted the Appellant Foster, to choose his path for a denial, the Court, was believed confused, but when Foster choose correctly, believed to anger the Magistrate, because, the U.S. Magistrate believes that the issues could have been raised earlier.

However the statue's language as demonstrated below, will show, that Appellant Foster did not challenge the issues on Appeal, nor on Collateral Review, but he in a open plea, never waved the issues either.

But he raised the issues earlier, because it is his belief
that when the § 2255 was available, the Law was correct, the
same belief the District Court, and his Appointed Counsel
had, however pursuant to the following Supreme Court
decisions, has changed the thinking of both the District
Court, as well as the Appellant.

But because the issues were [n]ot available, when the
§ 2255 was to be timely used. And because the Supreme Court
has not specifically stated that the issues could be raised on
collateral review.

And because the issues are a believed change in the
law, as explained below, and because this Circuit uses the
Audita Querela, as a Last Chance Writ, and because of the
following reasons in Arguement move this Court, to Permit the
Appeal, and for the following reasons REVERSE, the U.S. Chief
Magistrates, ruling that the District Court did not answer,
and REMAND, for the reasons stated and allow the correct weigh
in the issues, and any other relief that this Court deems just
in this matter.

Issue / Arguement One;

> WHETHER OR NOT  THE DISTRICT COURT ERRED
> WHEN IT  RULED THAT THE PETITIONER COULD
> HAVE RAISED THE ISSUES  IN THE FIRST AND
> SECOND REQUEST  FOR RELIEF,  WITHIN  THE
> STATUATORY DEADLINES OF 28 USC § 2255(f)
> (3) AND (4).

---

### A. The Standard

---

The Federal District Court has jurisdiction to entertain a § 2255 motion only if the movant is in the custody under sentence of a federal court. -see- [ Mitchel v. United States, 519 F.3d 1267, 1268 n. 1 (5th and Eleventh Cir 2008)-]. And generally within [o]ne year of the date on which judgment of the conviction became final. -see- 28 U.S.C.A. § 2255.

The motion made after the one year period, will typically be herd. -see- [ Dodds v. United States, 545 US. 353, 357-58; 162 L.Ed2d 343 (2005)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 39 of 89

Except of course for reasons of extraordinary issues, or when the Supreme Court of the United States ' initially ', recognizes the rights asserted. -see- [ Johnson v. United States, 544 US. 292, 305; 161 L.Ed2d 542 (2005)-].

That Statutory deadlines that regulate the issue of the § 2255 (f)(3), require, that the Supreme Court rendered the issue available for ' collateral review ', And in (f)(4), that through the exercise of ' Due Diligence ', that the facts could have been discovered.

And any claim that any relief, years later is now available, hits the AEDPA wall of the § 2255 avenue, and the is determined to be unavailable and any claims of "Actual Innocence", has not yet been determined by this Court. -see- [ Triestman v. United States, 124 F.3d 361, 380 n. 24 (2nd Cir. 1997)-], -and see- [ In re Dorsainvil, 119 F.3d 245, 248 (3rd Cir. 1997)-] And section 2255 is the first and the primary means  under which a Federal Prisoner may collaterally attack the legallity of his conviction and or sentence. -see- [ United States v. Flores, 616 F.2d 840, 842 (Fifth and Eleventh Cir. 1980)-].

And further the incorrect application of sentencing guidelines, that is unconstitutional, would it be available for collateral review? -see- [ Slack v. McDaniel, 529 US. 473, 484; 146 L.Ed2d 542 (2000)-].

Generally, new constitutional rules of criminal procedure do not apply retroactively to cases on collateral review, However if they are new substantive rules those do apply retroactively. -see- [ Teague v. Lane, 489 US. 288; 103 L.Ed2d 334 (1989)-]. And those substantive rules alter "the range of conduct or the class of persons that the law punishes". -see- [ Schriro v. Summerlin, 384 US. 351, 353; 159 L.Ed2d 442 (2004)-].

In April 20, 2016, the Supreme Court ruled, that "Courts reviewing Guidelines Errors cannot apply a categorical "additional evidence rule" in cases ... where a district court applies an incorrect range but sentences the defendant within the correct range. -see- [ Molina - Martinez, __US.__; 194 L.Ed2d 444 (2016)-]. And that a rule is substantial rather than procedural if it alters the range of conduct or the class of persons that the law punishes

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 40 of 89

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 41 of 89

If a new rule changes the scope of the underlying criminal proscription ... whether the new rule alters only the procedure used to obtain the conviction , or alters the range of conduct or class of persons ... with emphasis on the constitutional guarantee behind the new rule. -see- [ Welch v. United States , __ US. __; 194 L.Ed2d 387 (2016)-]. In short the Supreme Court altered the gateway, including the issues that involve crimes and punishment, such as the incorrect sentencing guidelines, and made it available, through Teague.

And when the sentence begins with the incorrect sentence guidelines, that claim is subject to the intervening change in the law. -see- [ Molina - Martinez, {supra}; 194 L.Ed2d 444, (2016)-].

The Supreme Court has made it clear that there is an essential framework the Guidelines (has) established for sentencing proceedings, And the Guidelines are to be the starting point, and initial benchmark. -see- [ Gali v. United States, 522 US. 38, 49; 128 S. Ct. 586; 169 L. Ed2d 455 (2007)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 42 of 89

Meaning that the Federal courts must begin their analysis with the guidelines and remain cognizant of them throughout the sentencing process. -see- [ Peugh {Supra} 569 US. __; 133 S. Ct.2072, 2083 (2013)-].-...- "even if the sentencing judge sees a reason to vary from the Guidelines, if that judge uses the sentencing range as the beginning point to explain the decision, to deviate from it.".

That the "Guidelines" central role in sentencing means that an error related to the Guidelines can be particularly serious. "A district court that ' improperly calculate[s] ', a defendants guidelines range ... has committed a serious procedural error. -see- [ Gali {supra} 522 US. at 51 (2007)-]. "An retrospective increase in the Guidelines range applicable to a defendant, creates a sufficient risk of a higher sentence and then triggers a ex post facto violation. -see- [ Peugh {supra} 569 US. _;133. S Ct. 2072, 2084 (2013)-].

At the out set, the district court must assess the Guidelines Range. -see- [ Peugh v. United States, 569 US. __; 186 L.Ed2d 84 (2013)-].

USCA11 Case: 17-12193   Document: 38   Date Filed: 09/28/2017   Page: 43 of 89

And those guidelines must be correct, Then after the court reaches the Sentencing Factors, after being either plead to or found specifically guilty of by a Jury, then the Court applying the § 3553 factors, then the defendant can be sentenced at will. But the guidelines remains the level that [m]ust be correctly assessed, and is the starting point, and when that point is correct, then the remainder of the sentence would be correct as well.

## B. Facts Of The Case

On or about May 19 2006, Appellant Foster was convicted and adjudged on multiple offences against a minor. - see- [R.28 "Docket Sheet."], And at that hearing the U.S. Magistrate incorrectly calculated Appellant Foster's sentence.

The ' Beginning Point ' was not correct, the U.S. Parole Office, on behalf of the district court, adjudged the Offense level to begin at 38. Despite the starting point according to the correct guidelines manual, to begin at 27 ( 2002 through 2004 guidelines), -and- ( in 2004 however was raised to 30 in 2005).

Page: 44 of 89   Date Filed: 09/28/2017   Document: 38   USCA11 Case: 17-12193

        The allegations were from facts contained in the
incitement, which basic alleged that the Appellant Foster
engaged in Sexual Acts with a Minor, for a steady course of
four years. -see- [ United States v. Foster, 209 Fed. Appx.
942, 943 (11th Cir. 2006)-]. The dates alleged began as
alleged in the indictment, "began June of 2002, and continued
monthly until October 2005, -see- { Doc. 12 }.

        When the Appellant was sentenced, the 2002 and 2003
Sentencing Guidelines, for a basic 18 U.S.C. § 2241 (c), was
to begin at level 27, in the year 2002 {70-78 months}, and was
not subjected to the § 3553, as they were mandatory, Pre-
Booker Sentence, in 2004 the Guidelines were raised to basic
level of 30 (97 - 121 months}, and that level was unchanged in
2005.

        It is noted that the Appellant, did not plea to any
enhancements, as none were placed before the Plea, and there
was no plea agreement, and there was not a subsequent trial,
which is mandatory, in the event the Court intended to begin
the start at a Higher Level, using the Guidelines Level.

But the District Court, gave a level 36 as a "start"
level to the sentencing guidelines level. On the 9th of May
2006, The Appellant made a [ open ] an uncontracted plea, to
the 41 counts, -see- [ United States v. Foster, 209 Fed. Appx.
942, 944 (Fifth and Eleventh Cir. 2006)-].

## C. Argument

The allegations were from facts contained in
the indictment, which basic alleged that the Appellant Foster
engaged in Sexual Acts with a Minor, for a steady course of
four years. -see- [ United States v. Foster, 209 Fed. Appx.
942, 943 (11th Cir. 2006)-]. The dates alleged began as
alleged in the indictment, "began June of 2002, and continued
monthly until October 2005, -see- { Doc. 12 }.

As Appellant Foster was adjudged on multiple offences
against a minor. -see- [R. 28 "Docket Sheet"], and -see- [
United States v. Foster, 209 Fed. Appx. 942, 942 (11th Cir.
2006)-].

The Appellant did an ' open ' plea, and that plea did not include any additional factors, nor any other subsequent plea's, nor a impaneling of a Jury, in the matter.

But when the District Court sentenced the Appellant, the Appellant Foster was given the recommended sentence. Despite the "Objections", of counsel, as to the Sentencing Factors, and other sentencing issues. -see- [ United States v. Foster, 209 Fed. Appx. 942, 944 - 945 (11th Cir. 2006)-]. Noting that the calculation did not even consider the complete conduct, and the number of offences.

The issues before the Court involve erroneous sentencing determinations which unlawfully increased the Appellants Foster's prison sentence, is and has been deemed through decisions of the Supreme Court to be cognizable on collateral review. And that when the sentencing begins with the incorrect sentencing Guidelines , as it does here, that issue is subjected to the intervening changes in the law as found in, [ Molina - Martinez v. United States, __ US. __; 194 L.Ed2d 444 (2016)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 46 of 89

The US. Magistrate purports to claim, that Appellant "seeks to use the writ of audita querela to circumvent the procedural limitations of § 2255. Which is a statement as explained further has no merit, as the Audita Querela is just the action the issue is for.

In this issue the, as raised in the Habeas Corpus action, dealt with "Whether Or Not The New Rule Of The Supreme Court Of The United States, Makes The Incorrect Application Of The Sentencing Guidelines, Unconstitutional And Available For Collateral Review". -see- ( ECF No. 68, Brief at p.16 ), -see also- [ United States v. Foster, 2017 U.S. Dist. LEXIS 59826 (N.D. Fl 2017)-] ( at 1.).

Although the U.S. Magistrates reasoning is not clear, it is believed that, the hint was that Appellant Foster should have filed this action under 28 USC. § 2255 at section (f)(3) or (4).

(f) states:

"A 1-year period of limitations shall apply to a motion under this section. The limitations period shall run from the latest of--"

Relevant To Decision;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented have been discovered through the exercise of due diligence.

-see- Section § 2255, Title 28.

But as alleged in the Original Petition, "The Supreme Court case, being used in this matter [ Molina-Martinez, __US.__; 194 L.Ed2d 444; 136 S. Ct. 1338 (2016)-], Was not directly made retroactive by any decision of the Supreme Court.

(A-12)


However the tools that the Supreme Court of the United States, gave use specifically in [ Teague v. Lance (supra)-], that was modified in the Supreme Court case, of [ Welch v. United States __ US. __; 194 L.Ed2d 387; 136. S. Ct. 1257 (2016)-], Made the correction of the incorrect plain error, of the Sentencing Guidelines determination, retroactive, in this matter, because it changed the way the District Court could punish a class of person, and procedurally changed the issue.


As such and as filed, the argument is, the once sentencing guidelines, determined sentence, that was once believed correct, is now because of the ruling in the [ Molina - Martinez (supra)-}-], and through the gateway of [ Welch v. United States, {Supra}-], is now ripe for consideration for review.

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 49 of 89

(A-13)

But the issue in the First Question is, was the action available using (f)(3) or (4), which "no", it was not.

The Appellant Foster made it clear in the opening of his Habeas Petition, filed but apparently overlooked in this case, that the action was clearly filed as a "Petition For Writ Of Audita Querela, under the All Writs Act of 28 USC 1652, "Specifically", "Judgement that was Correct When Rendered, [ but ], Since Has Become Invalid", -see- {Cover ECF No. 68 at Cover}, -see also- { ECF No. 68 at 9; pg.4}.

And because the Motions as believed by the Magistrate, to qualify, as a § 2255, is hard to believe, with a simple mention of the belief. The foundation of the § 2255 is that it must ' generally ' , be herd within one year on the date to which the Judgement became final. -see- [ Mitchel v. United States, 519 F.3d 1267, 1268 n. 1 (Fifth and Eleventh Cir. 2008)-]. And a motion made after the one year period will typically will not be herd, -see- [ Dodds v. United States, 545 US. 353, 357-358, ; 162 L.Ed2d 343 (2005)-].

Except of course in the cases of extraordinary
reasons, or when the case was recognized initially, the right
asserted was retroactive. -see- [ United States v. Wynn, 292
F.3d 226, 230 (Fifth and Eleventh Cir. 2002)-], -see also- [
Johnson v. United States, 544 US. 292, 305; 161 L.Ed2d 542
(2005)-].

The problem found in (f) (3), is that the issue was
not determined by the Supreme Court it's self, the Appellant
simply argued that the issue, based upon the recent Supreme
Court Rulings, in both [ Welch v. United States {supra}-], -
and- [ Molina - Martinez {supra}-]. Was as the plain reading
of the Statue "made retroactive for review by the Supreme
Court of the United States", but it was not rendered not
available either.

So the allegations that the issue is a (f)(4), is also
not founded. As this Required that "new facts", and diligent
pursuit. Neither apply in this matter, because the issue
involves old facts, but a New Procedural way of dealing with
the sentence, and the convictions. And the Diligent issues
also do not come to play, because the facts are clear,

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 51 of 89

(A-15)

his ending issues were in 2006 -see- [ United States v.
Foster, 209 Fed. Appx, 942, 943 (Fifth and Eleventh Cir.
2006)-], and the [ Molina - Martinez {supra}-], was
determined in 2016, and the retroactive issues also in 2016,
meaning the application of the § 2255 do not pass the go and
collects no $200. dollars.


But with the belief that the United States, did not
intend to find issues unconstitutional, in its procedures, and
if applicable to former cases, should also be corrected, there
is a fail safe system for the ones who "Fall through the
cracks", that system is the Original Writ of Habeas Corpus,
Audita Querela.


Which is a Common Law, Writ Of Habeas Corpus, that is
available, as the Original Writ, in Criminal Matters, but not
Civil, which survive only to the extent that there intention
is to ' fill the gap ', in they system that other remedies do
not fill. -see- [ United States v. Holt, 417 F.3d 1172, 1175 (
Fifth And Eleventh Cir. 2005)-].

## THE WRIT OF AUDITA QUERELA
## "The Origional Non Civil Writ"

---

The "Writ Of Audita Querela, it is agreed is ' Latan ', for "Complaint Having Been Herd", and is a Common - Law Writ, that constitutes the initial process in a action brought by a judgement defendant to obtain relief against the consequences of the judgment on the grounds that some defense to discharge has arisen since it's rendition that could not be taken advantage of otherwise. -see- [ United States v. Miller, 599 F.3d 484; (Fifth and Eleventh Cir. 2010)-]. And although abolished in Civil Matters, it is still remains alive in criminal post conviction relief. -see- [ United States v. Ayala, 894 F.2d 425, 428 n.4 and n. 5 (D.C. Cir. 1989)-], quoted by [ United States v. Banda, 1 F.3d 354, 355 ( Fifth and Eleventh Cir. 1993)-].

In Order to use the Writ Of Audita Querela, the petitioner must prove under the abuse of discretion review , that (1) no other remedie is available; (2) that issue had not already been used, or passed upon.

Without the Audita Querela, the Petitioner does not have an opportunity  to challenge his conviction for a crime that an interveaning change in the law, that effected his sentence. -see- [ Reyes - Requena,v. United States, 243 F.3d 893, 904 ( Fifth and Eleventh Cir. 2001)-].

### D. Relief Requested

---

Because the issues of (f)(3) and (4), of § 2255 was not available, as explained. And because the Writ is intended for the issues that once was good law, but has been rendered not a good law.

The Court should permitt the use of the Writ Of Habeas Corpus Audita Querela, and REVERSE, VACATE, and REMMAND back to the District court for further proceedings, and any other relief in agreement with the other claims.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 54 of 89

(A-18)


Issue / Argument Two;


WHETHER OR NOT  THE DISTRICT COURT
MUST

FIRST ESTABLISH  THE CORRECT  GUIDELINES
RANGE,  THEN  FINISH  THE  SENTENCE  FOR
REASONABLENESS,  AND  IF  SO  DID  THE
DISTRICT COURT  ERROR IN FAILING TO FIND
THE CORRECT  GUIDELINES LEVEL,  PRIOR TO
USING  THE  18  USC  §  3553  FACTORS.
VIOLATING  THE CONSTITUTIONAL  RIGHTS OF
THE PETITIONER.

---

A. Summary Of This Arguement

---

The issue whether or not the District Court erred, if
it did not correctly estimate the guidelines range first
before useing the §3553 factors, in makeing a sentence.

## B. Standard For Review.

The issue of incorrectly application of a sentence, that was based on the incorrect calculation of the Sentencing Guidelines, is an issue that is found to be ripe for a collateral review. -see- [ Slack v. McDaniel, 529 US 473, 484; 146 L.Ed2d 542 (2000)-].

However generally, new constitutional rules of criminal procedure generally do not apply retroactively to the cases on collateral review, however unless they are new substantive rules those do apply [re]troactively. -see- [ Teague v. Lane, 489 US. 288, 103 L.Ed2d 334 (1998)-]. And when those substantive rules that alter the "range of conduct" or the "class of persons that the law punishes", -see- Schriro v. Summerlin , 384 US. 351 at 353; 159 L.Ed2d 442 (2004)-].

USCA11 Case: 17-12193   Document: 38   Date Filed: 09/28/2017   Page: 57 of 89

The Supreme Court of the United States, recently
ruled, on April 20, 2016, that a "Court Of Appeals cannot
apply ' additional evidence ' rule in cases ... where a
district court applies an incorrect range but sentences the
defendant within the correct range. -see- [ Molina - Martinez,
__ US. __; 14 L.Ed2d 444 (2016)-].

And at the outs set of the proceedings, the district
court must determine the applicable Guidelines range - see - [
Peugh v. United States, 569 US. __; 186 L.Ed2d 84 (2013)-],
The Court [m]ust [c]orrectly consult the Guidelines Range, and
take them into account when sentencing, -see- [ United States
v. Booker, 543 US. 220; 160 L.Ed2d 621 (2005)-], The
Guidelines are complex and so a defendant within the framework
goes unnoticed. -see- [ Molina - Martinez, {Supra} __ US. __;
194 L.Ed2d 444; at HR, 13 (2016)-].

And in the circumstances, because the defendant failed
to object to the miscalculation, the appellate review is
governed by the Federal Rules Of Criminal Procedure, 52 (b), -
see- [ Molina - Martinez, {supra}, at 194 L.Ed2d at 454
(2016)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 58 of 89

And the Supreme Court has made it clear that where the record is silent as to any objections, or what the district court might have done, the facts that the government used to establish the incorrect guidelines and or the level, is enough to support the argument of prejudice, even if the petitioner d id not object. -see- [ Molina -m Martinez {supra}, 194 L.Ed2d 444, 454 (2016)-].

### C. Facts Of The Case

---

That the allegations were from acts engaged in a minor, and the acts covered the course of four years. -see- [ United States v. Foster, 209 Fed. Appx. 942, 943 (Fifth and Eleventh Cir. 2006)-].

And that on the 9th date of May 2006, the Appellant made a [- Open -] plea, and a uncontracted plea to 41 counts, that were of the same charge that spanned over the course of those Four years. -see- [ United States v. Foster, 209 Fed. Appx 942, 943 (Fifth and Eleventh Cir. 2006)-].

That at the time the convictions had occurred the
Sentencing Level, was established, pursuant to the plain
reading of the Indictment without any agreement to any
enhancements, was to be established at level 30, but the court
rather than follow the rules, set the level at 36. -see- [
United States v. Foster, 209 Fed. Appx 942, 943  see n. 2
(Fifth and Eleventh Cir. 2006)-]. See also that being the
requirement, in [ Alleyne v. United States, 570 US. __; 186
L.Ed2d __ (2013)-]. ( AS specifically explained in the
paragraphs at  IV, the Courts own additional adding of the
enhancements were factors that must be placed before a Jury,
or plead to, neither was done here, there fore any
enhancements that "raised the floor", violated the Sixth
amendment rights in the case.

The District Court imposed on Counts 1, through 13,
concurrent 180 month sentences, and on counts 14 through 44,
concurrent 180 month sentences, but consecutive to each other.
Counsel however did not argue any incorrect calculated
sentenceing guidelines issues. -see- [ United States v.
Foster, 209 Fed. Appx at 944 (Fifth and Eleventh Cir. 2006)-
].

        The Indictment read, actions that continued from 2002
until October of 2005, -see- [ Foster v. United States, 2017
US. Dist. LEXIS 59826 (M.D. Fl 2017)-]. ("At procedural
background"). The Initial Charges were in 2002, was 18 USC.
2241 (c), and in 2002, the base offence level was 18 -see-
(2A3.2(a) "The Criminal Sex Abuse Of A Minor Under the Age Of
Sixteen"), = (Note the Specific Characteristics do not apply,
because the Specific Characteristics were not placed before
the Petitioner to plea, nor was the Defendant placed before
the Jury, on the sentencing issues). -see- [ Alleyne v. United
States, __ US. __; 186 L.Ed2d 314; 133 S. Ct. 2151, 2162-63;
(2013)-], -quoted by- [ United States v. Howard, 2016 US. App.
Lexis 20312 (Fifth And Eleventh Cir. 2016)-].(" Noteing that
"Facts that increase the statutory maximum, or minimum
sentencing, must be submitted to a jury and proven beyond a
reasonable doubt, or its violates the Sixth Amendment").

        And Pursuant to the "One Book Rule", the District
Court must impose the Sentencing Guidelines, that was in
effect at the time he committed the last offence.

USCA11 Case: 17-12193     Document: 38     Date Filed: 09/28/2017     Page: 61 of 89

Which was identified in his Indictment being in 2005.
-see- ( "Sentencing Guidelines 2005", at Part A, Section 3., §
2A3.2 (a).), his sentencing Level was Open Plead at Level 18.
(Without any Criminal History).

And Level I, and Level 18 is started at 18 - 24
months. -see- ( "Sentencing Guidelines 2005", at Chapter FIVE
- Determining The Sentence; Part - A; Sentencing Table "),

And for the 18 USC 2243(a); Which is Identified  Which
was identified in his Indictment being in 2005. -see- (
"Sentencing Guidelines 2005", at Part A, Section 3., § 2A3.3
(a).), his sentencing Level was Open Plead at Level 12.
(Without any Criminal History).

Therefore with the most serious level being, the
allegations in 18 USC. 2241 (c), and in 2002, the base offence
level was 18 -see- (2A3.2(a) "The Criminal Sex Abuse Of A
Minor Under the Age Of Sixteen"),

= (Note the Specific Characteristics do not apply, because the Specific Characteristics were not placed before the Petitioner to plea, nor was the Defendant placed before the Jury, on the sentencing issues). -see- [ Alleyne v. United States, __ US. __; 186 L.Ed2d 314; 133 S. Ct. 2151, 2162-63; (2013)-], -quoted by- [ United States v. Howard, 2016 US. App. Lexis 20312 (Fifth And Eleventh Cir. 2016)-].(" Noteing that "Facts that increase the statutory maximum, or minimum sentencing, must be submitted to a jury and proven beyond a reasonable doubt, or its violates the Sixth Amendment").

That the highest level of sentence should have began at 18, not at the level 36, and as argued later in this Brief, the elements of the "Wharton's Rule", should apply in this matter, -see- [ Lanelli v. United States, 420 US. 770, (1975)-].

And it is clear that the District Court knew that the issues of the calculation was incorrect, -see- [ United States v. Foster, 209 Fed. Appx. 942, 943-44 (Fifth and Eleventh 2006)-], (" Foster made no `objections to the Guidelines Calculations").

That Court appears to know that the sentence was
wrong, and supports plain error, because the Magistrate stated
in the Opinion, that was blindly supported by the District
Court Judge, "Thus, even if there had been any error in the
guidelines calculations, which Petitioner has not shown, in
light of the Courts imposition of the statutory maximum and
its reasons for doing so, it is highly improbable that any
change in the guidelines range would have effected the
sentence.

That assertion however is the Magistrate asking the
Court of appeal to overlook a Constitutional Violation,
against the petitioner, because in it's view, the type of
crime, does not warrant constitutional consideration. This
Belief is troubling, the Magistrate took a oath to protect the
Constitution of all parties, and the protection of the rights
could have reached the same sentence, but the Magistrate
admitted in the refusal for reasons unknown, to apply them
wrongfully and knowingly, is also disturbing. A trend that the
Constitution should, nor the District Court Justices to
approve of.

## D. Summary

---

Because the Magistrate has admitted, with the Approval

of the United States district court, that the Calculation of

the Sentencing Guidelines, is calculated incorrectly. -see- [

United States v. Foster, 2017 US. Dist. LEXIS 59826 (N.D. Fl.

2017)-].

And because the Supreme Court of the United States has

mandated that (" Sentencing Court ' must begin their analysis

with the Guidelines and remain cognizant of them throughout

the sentencing process' ... and the defendant who shows that

the district court mistakenly deed applicable an incorrect

higher range will, in the ordinary case, have demonstrated a

reasonable probability of a different outcome", -see- [ Molina

- Martinez, v. United States, __ US. __; 194 L.Ed2d 444 ;

(2016)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 64 of 89

        And the calculation was incorrect, and as explained in
the following, the Multiplicity makes the issue also
incorrect. The Calculation was wrong, and it is believed that
had the Court been mandated to follow the Guidelines, it would
be subject to other reasons for an unreasonable sentence.


        The Guidelines was incorrect, and needs to be
corrected, REVERSE, and REMAND, and any other relief that this
Court deems just in this matter.

(C-1)

Issue / Arguement III

Page: 66 of 89    Date Filed: 09/28/2017    Document: 38    USCA11 Case: 17-12193

WHETHER OR   NOT   THE   NEW   RULE   OF   THE
SUPREME COURT OF THE UNITED STATES MAKES
THE COURTS INCORRECT FOR THE CONVICTING
THE PETITIONER TO MULTIPLE CONVICTIONS,
IN VIOLATION  OF THE WHARTON'S RULE,  OF
DOUBLE JEOPARDY,  FOR THE MULTIPLICATION
OF THE SAME CRIME.  AND BECAUSE OF A NEW
RULE OF TEAGUE MAKES THE  CHALLENGE
AVAILABLE  ON COLLATERAL REVIEW THAT WAS
NOT PREVIOUSLY AVAILABLE.

## A. STANDARD OF REVIEW

### (a) The Double Jeopardy Rule

The Double Jeopardy of the Fifth Amendment of the
United States Constitution protects against (1) "the second
and successive prosecution for the same offense after the
acquittal"; (2) "it protects against a second prosecution for
the same offense after the first conviction"; and (3) "it
protects against multiple punishments for the same crime", -
see- [ Illinois v. Vatle, 447 U.S. 410, 415; 65 L.Ed2d 288
(1980)-], -see also- [Unites States v Mcgarity, 669 F.3d 1218,
1253-54 (5th and 11th Cir. 2012)-].

(C-2)

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 67 of 89

And as previously pointed out, the Double Jeopardy
Clause does not allow for multiple punishments for the same
offense. -see- [United Sates v. Flanders, 752 F.3d 1317, 1337-
38 (5th and 11th Cir. (2014)-].

And were the court to conclude that a defendant
suffered a double jeopardy violation because he was improperly
convicted for the same offense under two (or more) separate
counts ... "the only remedies consistent with the
congressional intent is for the [d]district [c]court, where
the sentence responsibility resides, to exercise its
discretion and to vacate all but one of the underlying
convictions. [ball {supra} 470 U.S. at 864 (1985)-].

The defense of the "Wharton's Rule", in the late
1800's was adopted by the Supreme Court of the ?United States,
which effected an era where the conspiracy, charges which
sounded as conspiracy because of the language being used, were
still under development, [a]nd it traditionally applied to
offenses such as adultery, acts involving incest, bigamy, and
the like. -see- [Lanelli v. United States, 420 U.S. 770; 43
L.Ed2d 616 (1975)-], -quoting- [In re Snow, 120 U.S. 770; 43
LED 658 (1882)-].

        And the commission of two (or more) at different times
does not necessarily prove that the crimes were carried out
pursuant to more than one agreement. -see- [ United States v.
Nyhuis, 8 F.3d 731, 736 (5th and 11th Cir.1993)-], -see also-
("a conspiracy is an unlawful agreement has as its object the
commission of crimes, on different occasions, there is still
but one conspiracy.) -see- [ United States v. Marable, 578
F.2d 151,153 (5th and 11th Cir. 1988)-].

        And then there is the "Wharton's Rule", "When to the
idea of an offense plurality of agents is logically necessary,
which assumes the voluntary accession of a person n to a crime
of such a character that it is aggravated by the plurality of
agents, cannot be maintained.... In other words, when the law
says, a combination between two persons to effect a particular
end shall be called, if the end be effected, by a certain
name, it is not unlawful for the prosecutor, to call it by
some other name, and when the law says such an offense, -e.g.-
Adultery, or ['incest'], shall have certain punishment, it is
not lawful for the prosecution to evade this limitation by
indicting the offense of another name, -see- [ Lanelli v.
United States, 420 U.S. 770, 774; 43 L.Ed2d 616 (1975)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 68 of 89

That the sentences in total was based as alleged and
in the plain language of the sentencing process, "over a four
year period. -see- [ United States v. Foster, 209 Fed. Appx at
944 (Fifth and Eleventh Cir. 2006)-]. ( note the government
indictment wording, clearly stated "began monthly until
October 2005").

### Ɓ. Arguments

---

That the span of the first group was actions that
occurred before the age of 12,  and the second set was actions
that occurred after the age of 12, but there was not any
break, reportedly in the action in the sequence of the total
crimes committed. -see- [ United States v. Foster, 209 Fed.
Appx at 942 (Fifth and Eleventh Cir. 2006)-]. Specifically it
was alleged that
the actions occurred, "began June of 2002, and continued
monthly until October of 2005", -see- [ United States v.
Foster, 209 Fed. Appx at 943 (Fifth and Eleventh Cir. 2006)-
].

And was identified as a continuous pattern over a
course of the Four year period. -see- [ United States v.
McNair, 605 F.3d 1132, 1214-15 (Fifth and Eleventh Cir. 1998)-
],

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 69 of 89

The relations was not reported and agreed to over the period of the four years, -see- [ United States v. Marble, 578 F.2d 151, 153 ( Fifth and Eleventh Cir. 1998)-]. Any indictment that formed the same course of action, for which he was both convicted and sentenced, -see- [ Blockburger {supra} 294 US. 299 (1939)-], -see also- [ United States v. Bobb, 577 F.3d at 1372 (Fifth and Eleventh Cir. 2009)-].

And although the district court did not label the actions as a conspiracy, the Supreme Court of the United States has stated that "in defining a pattern ' in a criminal conduct, such conduct forms a pattern if it embraces criminal acts that have the same of simmular purpose, results or methods, or otherwise, are interrelated by distinguishing characteristics that are not isolated events, -see- [ Lannelli v. United States, 420 US. 770, 780; 43 L.Ed2d 616 (1975)-], -see also- [ United States v. McNair, 605 F.3d 1152, 1214-15 (Fifth and Eleventh Circuits)-].

          The Wharton's Rule, is a form of Doctrine, that was
adopted in the late 1800's, by the Supreme Court of the United
States, and effects the charges that sounded in the form of an
conspiracy, but because of the language being used, which
applied to such cases as adultery, ' [i]incest ', bigamy, and
more, -see- [ Lanelli {supra} 420 US. 770 (1975)-], -see also-
[ In Re Snow, 120 US. 274; 30 LED 658 (1887)-].


          In modern day, some sister circuits, is seen as a
relic, rather than a rule. -see- [ United States v. Worth,
2015 US. Dist. LEXIS 139740 (N.D. Ga 2015)-], However the rule
is used and applied using the Plain Error Standard. ... -see-
[ United States v. Harbin, 2002 U.S. App. LEXIS 29843 ( Fifth
and Eleventh) -]. for the repeating of the same offence. -see-
[ Oregon v. Kentucky, 456 US. 667, 671; 72 L.Ed2d 416 (1982)-
].


          The Supreme Court continued in ruling that a defendant
may not be convicted multiple times for the same offense when
they involve multiple charges of one continuing act, whether
the crime(s) charged were inherently continuous or considered
one isolated act,

USCA11 Case: 17-12193   Document: 38   Date Filed: 09/28/2017   Page: 71 of 89

(each), and if the charges were based on the same
information. -see- [ Blockburger v. United States, 284 US.
299; 76 L.Ed2d 306 (1939)-], -see also- [ United States v.
Bobb, 577 F.3d 1366, 1372 (Fifth and Eleventh Cir. 2009)-].

     The Supreme Court has pinned a black letter rule for
the use of determining when dual statutory provisions prohibit
the "same offence", when the same act or transaction
constitutes a violation of two distinct statutory provisions
the test to be applied to make this determination is when each
provision requires proof of fact that the other does not. -
see- [ Blockburger {supra}, 284 US. at 304 (1939)-]. That
analysis focuses on the proof necessary to establish the
statutory elements of each offence, not the actual evidence
that was presented at trial. [ Illinois { supra} 477 US at 416
(1980)-]. Because multiple conviction carry serious collateral
consequences that cannot be ignored. -see- [ Ball v. United
States, 470 US. 856, 865; 84 L.Ed2d 740 (1985)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 73 of 89

That as it is described, that Appellant was sentenced to 47 different sentences, that was of once continuous action, or crime, as described continued over a Fourth period of time, as it is it is of one crime not multiple crime, but a continued crime, as described in the doctrine of Wharton, Appellant as alleged was sentenced to 47 crimes, and 47 different filing fees, as a result, but was charged with a continuing crime, multiplied by 47 different dates. As such offends the Age Old Wharton's rule, because if it was not for the breach the Whartons rule in the grave would not have to be relitigated, and reheard. as It Offends the Constitution of the United States, and as precedent should be deemed as Multiplicious, and reversed.

### E. How Is Applied Today

As previously explained, this Argument is on the Sentence, although would and appears to have the implications in the conviction, that was not yet argued, but what is argued that the Appellant was sentenced multiple times, for a singe course of action, and which action was addressed by Supreme Court Precedent, that restricted the punishment to one offence.

The Issue dealing with sentencing was highlighted earlier in the Sentencing, Appellant Foster was sentenced to incorrect sentencing guidelines, and incorrect level, based on incorrect information. He received to many sentences, and punishments, based on the Multiplication of acts that were prohibited by the Supreme Court in the 1800's.

Then in the [ Molina - Martinez {Supra} ], addressed the issues of punishment and sentencing, then the [ ' Welch {supra} ] made it retroactive for review, because it dealt with punishment, and class of people as previously explained, that was forbidding, and dealt with the incorrect sentencing level, and the factors in that sentencing, this is the nature of the case.

Foster the Appellant, because of incorrect factor in the case, and incorrect applications of the Guidelines received multiple sentences, and files based on the mistakes, and that it needs corrected, as argued in this matter.

And the District Court Magistrate, made it clear that it understood this argument, stating "Petitioner's argument with respect to ground two suggests that he should have been charged with a single charge of child abuse because the molestation was "one continuous act" akin to conspiracy, and he notes that minor 'agreed to have relations over the four-year period' and that 'the pattern was consensual" (ECF No. 68 at 36,41). The basis for this assertion that this argument could not have been raised sooner is unclear, but in any event does not warrant audita querela relief.

Again this is a sentencing issue, the issues that needed address for sentencing, and as explained earlier that the Appellant never waves the right to a Double Jeopardy, post judgment claim. -see- [ United States v. Broce, 488 US. 563, 569; 109 S.Ct. 757, 762; 102 L.Ed2d 927 (1989)-], -and see- [ Menna v. New York, 423 US. 61; 96 S.Ct. 241; 46 L.Ed2d 195 (1975)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 76 of 89

" In defining a "pattern", in a criminal conduct, and
which forms a pattern if it embrasses criminal acts that have
the same or summular purpose, results, participants,
victim(s), or methods of commission, or are otherwise
interrelated by distinguishing characteristics and are not
considered isolated events", -see- [ Lanelli v. United States,
420 US. 770; 43 L.Ed2d 616 (1975)-], -see also- [ United
Stated v. McNair, 605 F.3d 1152, 1214-1215 (Fifth and Eleventh
Circuit (2010)-]. Meaning that in the identifying offences
that the Wharton's rule applies only when "it is impossible
under any circumstances to comitt the substantive offense
without cooperative action", -see- [ United States v. Brown, 7
F.3d 1155, 1163 n.6 ( Fifth and Eleventh Cir. 1993)-].

And again as it ( "at this time "), appilys to the
sentencing issues, the District Court sentenced the Appellant
Foster to Multiple sentences, for the continuing acts,  -see-
[ United States v. Foster, 2017 U.S. Dist. LEXIS 59826 (N.D.
Fl. 2017)-],

And that an Argument that appears to be forfeited
because it had not been timely raised in the district court,
we generally will review it for the first time on appeal, but
only for plain error. -see- [ United States v. Orlando, 507
US. 725, 731; 113 S. Ct. 1019; 123 L.Ed2d 508 (1993).( Holding
that the plain error standard of review applies to "errors
that were forfeited because of not timely raised in district
court").

And as stated in the "Whartons Rule", ("it mearly
forbids sentencing on both counts"). -see- [ United States v.
McNair, 605 F.3d 1152, 1215 (Fifth and Eleventh Cir. 2010)-],
-quoting- [ United States v. Previte, 648 F.2d 73, 77 (1st
Cir. 1981)-]. And the Wharton's Rule Applies when " its is
impossible under any circumstance to comitt the substantive
offense without cooperation, in its action, -see- [ United
States v. McCord, 33 F.3d 1434 N.1 (Fifth and Eleventh Cir.
(1994)-]. And focuses on the Elements of the charge not the
evidence enduced at trial -see- [ United States v. Payan, 922
F.2d 1387 and n.13 (1993)-]. And the Cooperation of two
persons, which there were.

(" at Procedural Back Ground, ' admission to Sexual Conduct
With His Daughter, on a 'Monthly Basis', from June 2002
through October 2005.


   And again, the issue is a sentnecing issue, the
information before this Court, was used to determine incorrect
sentenceing determination, before the § 3553 factors became
involved, therefore the Appellant Foster did not have a
correct calculation of the computation, as previously explaine
volated the Constitutional rights of the Appellant.


   And the issue could not have been addressed because
the issues addressing the sentencing in [Molina - Martinez
(Supra)-], did not occur until 2016, again Audita Querela
makes it available.

## E. CONCLUSION

---

Because the Supreme Court of the United States addressed, the incorrect application of the Sentencing Guidelines, that begin the sentence, becomes an issue, as sentencing, and because Welch made it retroactive, and because Multiple Convictions for the same Offence, sparked the Multiple sentencing, that caused the incorrect sentencing Levels, and incorrect guidelines level, that caused incorrect sentencing, for the above and foregoing reasons the issue, should be Vacated , Remanded , back to the District Court to correct the sentence.

[d-1]

Issue / Argument IV

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 80 of 89

THE DISTRICT COURT COMMITTED PLAIN ERROR
WHEN IT IMPOSED AND INCREASED THE LENGTH
OF A GUIDELINES RECOMMENDED  SENTENCE TO
ENABLE  THE  OFFENDER  TO  COMPLETE  A
TREATMENT  PROGRAM OR  OTHERWISE PROMOTE
A REHABILITATION  GOAL  IN  VIOLATION OF
THE  FIFTH AMENDMENT  DUE PROCESS OF THE
U.S. CONSTITUTION.


A. The Standard


The Due Process protects a defendant's rights to be
sentenced on the basis of false information, or on invalid
premises. -see- [ United States v. Tucker, 404 US.443; 30
L.Ed2d 592 (1972)-] -see also- [ Green v. United States, 880
F.2d 1299, 1305 ( 5th and 11th Cir. 1989)-], -quoting- [ Parks
V. United States, 832 F.2d 1244, 1246 (5th and 11th Cir.
1987)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 81 of 89

Which in turn caused the incorrect use of sentencing factors, which followed the incorrect use of sentencing guidelines. -see- [ Molina-Martinez v. United States, 576 US._; 194 L.Ed2d 444 (2016)-], and using incorrect framework of the guidelines and essential framework of the sentencing proceedings, -see- [ Peugh v. United States, 569 US._; 186 L.Ed2d 84, 88 (2012)-].

The U.S. Parole Office's imposing of incorrect sentencing guidelines and essentially effected the District Courts consideration of an incorrect sentencing guidelines range. The District Court commits ' Plain Error ' when it sentences a defendant to invalid ranges that U.S.C. § 3582(a) allows the court to lengthen a sentence of the defendant, for reasons to promote rehabilitive goals. -see- [ Tapia v. United States, 563 U.S._; 180 L.Ed2d 357 (2011)-], and pursuant to [ Henderson v. United States, 586 U.S._; 185 L.Ed2d 85 (2013)-], the error also remains plain, -see also- [ United States v. Espinoza, 92 F.Supp. 3d 1210 (M.D. Fl. 2014)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 82 of 89

And the incorrect use of the factors, the impulsively caused the District Court to impose the incorrect framework of the sentencing guidelines, which following caused the illegal sentence. The Supreme Court stated the lower courts may [not] impose of lengthen a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitive programs as a reason for the extended sentence. -see- [ United States v. Irey, 612 F.3d 1160, 1189 (5th and 11th Cir. 2010)-].

### B. Facts Of The Case

1. As previously stated, the petitioner was sentenced based upon multiple convictions of both U.S.C. § 2241(c), and 18 U.S.C. § 2243(a). And that the sentence range selected was 235 months and 293 months. -see- [ United States v. Foster, 209 Fed. Appx. 942, (5th and 11th Cir. 2006)-].

2. That at sentencing, the Court as made public in the aforementioned case, stated " and give Foster the opportunity for treatment and counseling ', warranted the sentence of 'LIFE', that the guidelines range was not sufficient. -see- [ United States v. Foster, 209 Fed. Appx. 942, 944 (5th and 11th Cir. 2006)-].

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 83 of 89

3. That Foster was given 'LIFE', rather than the 235 to 293 months that was (improperly) calculated, there was an objection to the sentence and the court's upward imposition and variance. -see- [ United States v. Foster, 209 Fed. Appx. 944 (5th and 11th Cir. 2006)-]

## C. Argument

It was pleaded in the facts that the Petitioner was scored to be sentenced to 235 to 293 months. It was previously argued in previous issues in this Brief, that the Court imposed multiple convictions on the one course of conduct.

However, when the Court scored the sentence to be the number (although argued to be smaller), of 235 to 293 months (19 to 24 years), the Court then decided to enhance the sentence based on the need "to give Foster the opportunity for treatment and counseling", [that] warranted a sentence of life in prison.

That the District Court in it's sentencing evaluation
clearly stated that one of his factors that he used in the
sentencing was the factor of the increase in the guidelines
level, and based on the fact that the Judge believed that the
additional time he gave would effect the ability to receive
Mental Health treatment.

It was a clear violation of the Due Process to
enhance the level of a sentence, from the recommended
guidelines range, then raise the level, because of the issues
of the Mental Health Evaluation.

### D. Conclusion

That because the Court clearly, gave rise of a
sentence, beyond the statutory maximum, and raising the
guidelines level, because of the factors of need for mental
health treatment, in violation of Supreme Court Precedent, the
issue on remand should be addressed, for the new sentence, and
any other relief that the Court deems just in this manner.

## FINAL CONCLUSION

———————————

That because §2255 does provide exceptions to the
general rules, to the one year filing limit, but does not save
the issue, that it is available, a simple reading, as
previously and exhaustively argued in this case, the issues
presented were argued also on the merits, aside from the
argument, that stated that the issues of sentencing that
changed because of [ Molina - Martinez ], and [ Welch v.
United States {supra} ], should have been argued 10 years
earlier when they were not available.

The facts remain that the issues are not ripe for
review, until the aforementioned cases were addressed, by the
Supreme Court in 2016, and the Supreme Court gave the Tools,
of the Teague v. Lane {Supra}-], that was changed by the [
Welch v. United States {supra}-], again as argued. there fore
the Ruling that it could have been raised in a previous §2255
is not clear, perhaps it is why it was not explained.

        The remainder of the issues, are also explained, that

as Sentencing issues, covered by the aforementioned sentencing

changes, the relief requested, is Remand Back to the District

Court, for Grant of Habeas Corpus, and direct the district

Court, to correct the sentencing issues, using the correct

sentencing guidelines, and the factors, that were plead to,

and no more, and any other relief that this Court deems just

in this matter.


        ENTERED THIS 12 DATE OF July 2017.


Mr. Michael S. Foster

Fed. No. 06272-017

P.O. Box 24550

United States Penitentiary

Tucson, Az 85734-4550

In Re Pro-Se

USCA11 Case: 17-12193    Document: 38    Date Filed: 09/28/2017    Page: 87 of 89

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,

TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.      Type-Volume

[  ]    This Document complies with the word limit of FRAP

because, excluding the parts of the document exempted by FRAP

32 (f) and [                    ], this document contains [

        ], words.


        or


[x ]    This brief complies with line limt of FRAP [        ]

because, excluding the parts of the brief exempted  by FRAP

32(f) and [        ], this brief uses a mono spaced typeface

and contains  1653 Lines of text.


2.      Type Face Style

[x ]    This Document complies with the typeface requirements

of FRAP 32 (a)(5) and the type style requirements of FRAP 32

(a)(6).


Mr. Michael S. Foster, Fed. No. 06272-017

P.O. Box 24550 United States Penitentiary

Tucson, Az 85734-4550 ,In Re Pro-Se

CERTIFICATE AND DECLARATION OF SERVICE

---

I Michael S. Foster, hereby state that the above and foregoing was placed in the United States Postal Service, postage paid, on this 12 date of July 2017, by placeing the article to be mailed in the hands of of the Federal Officer who inspected the article, x-rayed, and other security issues, then delivered the article to the following address, pursuant to [ Sanders v. United States, 113 F.3d 184, 187 (Fifth and Eleventh Cir. 1997)-], -see also- [ Houston v. Lack, 487 U.S. 266 (1988)-], a copy delivered to the following;

The United States Attorney Office, Northern District of Florida, One North Palafax Street, Pensacola Fl 32502

Michael S. Foster, Fed. No. 06272-017

