No. 17-12193-D

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

**MICHAEL S. FOSTER,**

*Defendant-Appellant*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
USDC NO. 3:05-CR-135-LC

———————

RESPONSE BRIEF FOR THE UNITED STATES

CHRISTOPHER P. CANOVA
United States Attorney

NANCY J. HESS
Assistant United States Attorney
Appellate Division
21 East Garden Street, Suite 300
Pensacola, FL  32502
(850) 444-4000

ECCA No. 17-12193-D                  *United States v. Michael S. Foster*
USDC No.  3:05-CR-135-LAC

### CERTIFICATE OF INTERESTED PERSONS

Counsel for Appellee, United States of America, certifies that, in addition to the persons listed in Appellant's Certificate of Interested Persons, the following persons and entities may have an interest in the outcome of this case:

Canova, Christopher P., United States Attorney

Collier, Lacey A., Senior United States District Court Judge

Davies, Robert G., Assistant United States Attorney

Eggers, Tiffany H., Assistant United States Attorney

Foster, Michael Steven, Defendant/Appellant

Hess, Nancy J., Assistant United States Attorney

Kaufman, Chet, Former Assistant Federal Public Defender

Murrell, Randolph P, Federal Public Defender

Timothy, Elizabeth, M., United States Magistrate Judge

*/s/ Nancy J. Hess*
AUSA NANCY J. HESS
Assistant United States Attorney

## STATEMENT REGARDING ORAL ARGUMENT

The government does not request oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................C-1 of 1

Statement Regarding Oral Argument ................................................................. i

Table of Contents ............................................................................................. ii

Table of Citations ........................................................................................... iii

Statement of Jurisdiction ................................................................................. v

Statement of the Issue...................................................................................... 1

Statement of the Case ...................................................................................... 2

      (A)   Course of Proceedings................................................................. 2

      (B)   Statement of Facts ...................................................................... 4

      (C)   Standard of Review.................................................................... 12

Summary of the Argument ............................................................................. 13

Argument:

      The defendant's post-conviction claims that he was erroneously convicted of multiple counts and sentenced based on an improper application of the guidelines are cognizable under 28 U.S.C. § 2255 and therefore, may not be challenged using a writ of *audita querela*......14

Conclusion...................................................................................................... 19

Certificate of Compliance .............................................................................. 20

Certificate of Service ..................................................................................... 20

## TABLE OF CITATIONS

**Cases**

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) .................................................. 15

*Blakely v. Washington*, 542 U.S. 296 (2004) ...............................................14-15

*McCarthan v. Dir. of Goodwill  Indus.-Suncoast, Inc.*, 851 F.3d. 1076
     (11th Cir. 2017), *petition for cert*. filed, (July 12, 2017) (No. 17-85) ....17-18

*Molina-Mendez, v. United* States, __ U.S. __, 136 S.Ct. 1338 (2016) .............10-11

*Orlansky v. United States*, 627 F. App'x 915 (11th Cir. 2015) .......................... 16

*United States v. Arevalo*, 368 F. App'x 957 (11th Cir. 2010) ........................... 16

*United States v. Davis,* 352 F. App'x 314, 315 (11th Cir. 2009) ....................... 16

*United States v. Doyharzabal*, 329 F. App'x 874 (11th Cir. 2009) .................... 15

*United States v. Frank,* 414 F. App'x 252 (11th Cir. 2011) ............................... 15

*\*United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005) ........................... 12, 14-16

*United States v. Mayne*, 419 F. App'x 953 (11th Cir. 2011) ............................. 16

*United States v. Rainey*, 537 F. App'x 836 (11th Cir. 2013) ............................. 16

*United States v. Richardson,* 481 F. App'x 534 (11th Cir. 2012) ....................... 16

**Statutes**

18 U.S.C. § 2241(c) ....................................................................................... 2

18 U.S.C. § 2241(7) ....................................................................................... 2

18 U.S.C. § 2243(a) ....................................................................................... 2

18 U.S.C. § 2243(7) ....................................................................................... 2

18 U.S.C. § 3231 ............................................................................................ v

18 U.S.C. § 3742 ............................................................................................ v

iii

18 U.S.C. § 3553(a) ................................................................2, 8-10

28 U.S.C. § 1291 ........................................................................ v

28 U.S.C. § 1651 ........................................................................ 3

28 U.S.C. § 2241 ...................................................................15-16

28 U.S.C. § 2255 ............................................................ 1, 3, 10-18

28 U.S.C. § 2255(a) .................................................................. 17

28 U.S.C. § 2255(e) .................................................................. 18

28 U.S.C. § 2255(f)(3) ............................................................... 11

28 U.S.C. § 2255(f)(4) ............................................................... 11

## Other Authorities

U.S.S.G. § 3D1.2(b) .................................................................. 6

U.S.S.G. § 3D1.4(c) .................................................................. 7

USSG § 5K2.0 .......................................................................... 8

Application Note 4 to § 3D1 ....................................................... 6

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this case pursuant to 18 U.S.C.

§ 3231.  The defendant filed a timely notice of appeal on May 12, 2017.  (Doc.

74).  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742.

## STATEMENT OF THE ISSUE

Whether the defendant's post-conviction claims that he was erroneously convicted of multiple counts and sentenced based on an improper application of the guidelines are cognizable under 28 U.S.C. § 2255 and therefore, may not be raised by way of a writ of *audita querela?*

## STATEMENT OF THE CASE

### A.    Course of Proceedings and Dispositions in the Court Below

Defendant Michael Foster plead guilty to thirteen counts of knowingly engaging in sexual acts with a child who had not reached the age of twelve years, in violation of Title 18, United States Code, Sections 2241(c) and 7, and twenty-eight counts of knowingly engaging in sexual acts with a child who had reached the age of twelve years but not the age of sixteen years, in violation of Title 18, United States Code, Sections 2243(a) and 7.  (See docs. 12 and 49). On May 9, 2006, he was sentenced to a term of Life on Counts One through Thirteen and a term of five years on each of Counts Fourteen through Forty-one, with the counts to run concurrently with each other and the term of Life imposed on the first thirteen counts.  (Doc. 30).

On appeal Foster argued the sentence imposed was unreasonable because the court did not properly consider the § 3553(a) factors.  (Doc. 60). By Mandate issued on January 10, 2007, this Court affirmed the district court's sentence upon its finding that the sentence was reasonable.  (*Id.*).

Foster filed nothing further with the district court until January 17, 2017, when he filed a Petition for Writ of Habeas Corpus to the All Writs Act.  (Doc. 63).  In her responsive Order, the magistrate judge advised Foster that in light of the claims raised in his motion, the court construed the motion as one to

correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 65). However, the court advised Foster that if he did not wish to seek relief pursuant to § 2255, he was required to file an amended motion on the proper court form. (*Id.*). Foster filed a motion to amend and objected to his motion being considered under § 2255 because he knew such motion was time-barred. (Doc. 66). His amended motion was a "Petition for Writ of Audita Querela Under the 'All Writs Act' 28 U.S.C. 1651 'Judgment Which Corrects When Rendered'. 'Since Has Become Invalid.'" (*Id.*). On March 1, 2017, the magistrate judge directed that the motion be accepted and docketed as an Amended Petition for *Audita Querela* and that the clerk administratively terminate the previously docketed § 2255 motion. (Doc. 67).

Thereafter, the magistrate judge reviewed Foster's motion in light of the law of this Circuit regarding petitions for a writ of *audita querela*. (Doc. 69). The magistrate judge noted that each of the four claims attacked the legality of Foster's conviction and sentence, and recognized that Foster had filed the petition seeking writ of *audita querela* to circumvent the procedural limitations on filing § 2255 motions. (*Id.*). The magistrate judge issued a Report and Recommendation to the district court recommending that the motion be denied. (*Id.*). Foster filed objections. (Doc. 72). The district court issued its

3

Order adopting the Report and Recommendation and denied Foster's motion. (Doc. 73).

Foster timely appealed and remains incarcerated. (Doc. 74).

**B.    Statement of Facts**

(1)    Facts of the offense and sentencing

Foster signed the Government's Factual Basis for Guilty Plea agreeing that the facts contained therein were true and correct. (Doc. 21). The government stated it could prove that on at least a monthly basis beginning in June 2002, Foster caused the victim to perform sexual acts with him, including vaginal intercourse and oral sex. (*Id.*, p. 1). The victim reported that on a couple of occasions, she was allowed to stay home from school in exchange for participating in sexual acts with Foster, and estimated the last time they had intercourse was in October 2005. (*Id.*, p. 2). She reported Foster told her that if she did not continue to perform these sex acts with him, he would engage in sexual activity with the victim's younger sister. (*Id.*). A child protection team physician confirmed the victim had engaged in sexual intercourse over an extended period of time. (*Id.*).

Foster gave a post-*Miranda* statement during which he admitted to engaging in intercourse, oral sex, and other sexual contact with the victim. (Doc. 21, p. 2). He estimated he had sexual intercourse or oral sex with the

4

victim on a monthly basis, and that he gave her the option to "fuck or suck." (*Id.*).  He proclaimed it was the victim's decision whether she would have intercourse or oral sex.  (*Id.*).  He admitted to having put the victim in different positions during sex, telling her that if she did not continue he would begin a sexual relationship with her younger sister, and that if she told anyone, he would face criminal charges and would be arrested.  (*Id.*).

During the plea colloquy, Foster was advised that the maximum penalty he faced on Counts One through Thirteen was life imprisonment and the maximum on the remaining counts was fifteen years imprisonment.  (Doc. 49, pp. 9-10).  Foster affirmed he understood the penalties he faced.  (*Id.*, p. 10).  He also affirmed he understood that no one could tell him what his actual sentence would be until after the probation office completed his presentence report (PSR), and that if his sentence was greater than what he was expecting, he would still be bound by his guilty plea.  (*Id.*, pp. 10-12).  Foster entered pleas of guilty to all counts without a plea agreement.  (*Id.*, pp. 12-14).

Foster's PSR contained detailed facts regarding his sexual abuse of his biological daughter, who was fourteen years-old when in November 2005, a relative reported the sexual abuse.  (PSR ¶¶ 6-8).  When interviewed, the victim said her father engaged in intercourse with her and made her view pornographic videos and images.  (*Id.*, ¶ 8).  She described the sexual acts,

5

estimated that her father began having sex with her when she was in the third grade, and estimated they had sex every day except days when she had band or other school activities.  (*Id.*, ¶¶ 8-11).  The PSR also included a detailed account of Foster's admissions regarding his long-term sexual abuse of his daughter.  (*Id.*, ¶¶ 16-17).

The 2005 edition of the Guidelines Manual was used to calculate Foster's guideline range.  (PSR ¶ 27).  The probation officer explained that Counts One through Forty-one were not grouped, as each count represented a separate harm to the same victim over a course of four years on a monthly basis.  (*Id.*, ¶ 28).  The officer noted that one might argue that pursuant to U.S.S.G. § 3D1.2(b) the counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constitute part of a common scheme or plan.  (*Id.*).  However, the officer pointed out that § 3D1.2(b) essentially addresses one composite harm to the same victim even if the counts constitute legally distinct offenses occurring at different times.  (*Id.*). The officer cited Application Note 4 to § 3D1.2 in that it provides an example of a defendant convicted of two counts of rape for raping the same person on different days, and states that these counts are not to be grouped.  (*Id.*).

Foster's Adjusted Offense Level for Counts One through Thirteen was 36.  (PSR ¶¶ 29-119).  The Base Offense Level was 30 because those counts

6

involved aggravated criminal sexual abuse of a minor; four levels were added because the victim had not attained the age of 12 years; and two levels were added because the victim was in the custody, care, or supervisory control of the defendant. (*Id.*). Foster's Adjusted Offense Level for Counts Fourteen through Forty-one was 22. (*Id.*, ¶¶ 120-257). The Base Offense Level was 18 because those counts involved criminal sexual abuse of a minor under the age of 16, and four levels were added because the victim was in the custody, care, or supervisory control of the defendant. (*Id.*). Based on a total offense level of 38 and a criminal history category of I, Foster's guideline imprisonment range was 235-293 months; the statutory maximum for Counts One through Thirteen was life but the statutory maximum for Counts Fourteen through Forty-one was only 180 months. (*Id.*, ¶¶ 371, 372)

The probation officer cited U.S.S.G § 3D1.4(c) in noting factors that might warrant departure. (PSR ¶ 389). Section 3D1.4(c) advises the court to disregard any count group that is 9 or more levels less serious than the group with the highest offense level, as such groups will not increase the applicable offense level but may provide a reason for sentencing at the higher end of the sentencing guidelines range for the applicable offense level. (*Id.*). The officer pointed out that the fact that the defendant's offense conduct occurred once a month over a period of four years does not appear to be accounted for in the

7

multiple count analysis, as 6 counts of conviction (Counts One through Six) would result in the same sentence. (*Id.*). The officer reminded the court that this case involved forty-one counts of conviction and suggested that the court may consider this factor for an upward departure pursuant to guideline § 5K2.0. (*Id.*).

Foster filed no objections to the guideline calculations. (Doc. 50, p. 1). The court noted that it received the report of Foster's psychological evaluation. (*Id.*). Foster apologized for what he "allowed to happen" and asked for mercy. (*Id.*, p. 3).

The court imposed a term of Life on each of Counts One through Thirteen and a term of 180 months on each of Counts Fourteen through Forty-one, acknowledging that it was imposing the statutory maximum for each count and that the sentence was above the guideline range. (Doc. 50, p. 4). The court explained its reasons for exceeding the guideline range as follows:

> I have considered the guideline policy statements and any departures from the advisory guideline range in this case are clearly appropriate. The guidelines encourage imposing a sentence at the high end of the applicable guideline range based upon the number of count groups not taken into consideration in arriving at the applicable guideline range. And under the section stating the aggravating factors not taken into consideration by the guidelines, this Court could also take in the conduct, the repeated nature of the criminal conduct into consideration. I then considered all the factors under Title 18, Section 3553(a) in arriving at the sentence.

The sentencing guidelines nor the Court has identified any factors regarding your personal history or characteristics which warrant a sentence within the guideline range. I have considered the fact that the conduct went on for years, 2001 to 2005. According to the victim, the sexual abuse occurred every other day. You are charged with conduct occurring on a monthly basis from June to 2002 to October of 2005. Therefore, the extent of the conduct is not fully addressed by the applicable guideline range. I have considered the fact that this is a crime of violence that involves a minor child who will be scarred for the remainder of her life. The Court also considered the fact that other children must be protected from you and the possibility that you may commit this type of criminal conduct again. You can certainly benefit from a term of imprisonment and receive immediate mental health treatment.

I also recognize that the guideline range established by the sentencing commission for this conduct does not address more than six count groups. Therefore, you would be facing the exact guideline range based upon only six counts of conviction, and in this case 41 counts of conviction, and the guidelines as applied do not fully capture the extent of this criminal conduct.

Again, upon review of all the factors considered under 3553(a) and taking into account the advisory nature of the sentencing guidelines, I do conclude that this sentence is reasonable and necessary and is sufficient.

I do find this sentence meets the goals of punishment and will act as a general and, hopefully, a deterrent to anyone else who might consider similar criminal conduct. I do recommend that you be imprisoned in an institution where you can receive extensive mental health treatment and counseling.

(Doc. 50, pp. 4-6; see doc. 31, p. 4).

(2)    Appeal

On appeal, Foster did not argue that the court incorrectly calculated his

guidelines range, but only that his sentence was unreasonable because the court did

not properly consider the 18 U.S.C. § 3553(a) factors such as the likelihood of recidivism or his history and characteristics, and essentially ignored the mental evaluation he submitted. (Doc. 60). After reviewing the sentencing court's explanation for the sentence it imposed, this Court concluded the sentence was reasonable. (Doc. 60, p. 5). The Court noted that the sentencing court explained that it had considered the mental evaluation, in addition to Foster's history, the need to protect society and provide adequate punishment, and the frequency and duration of the offenses. (*Id.*). It was also noted that the sentencing court considered that the guidelines calculations did not include all of the counts and therefore, did not adequately reflect the offenses. (*Id.*). This Court found the district court properly considered the § 3553(a) factors, and that Foster failed to meet his burden of proving his sentence was unreasonable. (*Id.*).

(3)    Foster's Petition for Writ of Audita Querela

Ten years after the Mandate issued affirming his conviction and sentence, Foster filed a Petition for Writ of Audita Querela. (See Docs. 63, 66, 68). Foster raised four claims that he argued entitled him to review of his sentence even though he recognized that the time to challenge his sentence under 28 U.S.C. § 2255 had long expired. (Doc. 68, pp. 8-16). In short, he argued in Issue I that the court used an incorrect guideline and that pursuant to the holding in *Molina-Mendez, v. United* States, __ U.S. __, 136 S.Ct. 1338 (2016), which he

characterizes as a new rule, his case should be remanded for resentencing. (Doc. 68, pp. 17-29). He argued further that: the "new rule of the Supreme Court makes his sentence reviewable in that he was wrongly convicted of multiple counts, in violation of double jeopardy, for one continuing course of conduct (*id.*, pp. 31-41); the court committed plain error because it did not fully explore his claims of post-traumatic stress disorder before sentencing him (*id.*, pp. 42-50); and the court committed plain error when it improperly increased his sentence above the guideline range to life to give him time for treatment and counseling (*id.*, pp. 51-55).

In the magistrate judge's Report and Recommendation, the judge noted that each of the four claims attacked the legality of Foster's conviction and sentence, and recognized that Foster had filed the petition seeking writ of *audita querela* to circumvent the procedural limitations on filing § 2255 motions. (Doc. 69, pp. 5-6). The magistrate noted that § 2255(f)(3) and (4) provide exceptions to the general rule that § 2255 motions must be filed within one year of the date the conviction becomes final, and that if the Supreme Court's holding in *Molina-Martinez v. United States*, __ U.S. __,136 S.Ct. 1338 (2016), is made retroactively applicable to cases on collateral review, § 2255 relief is still cognizable. (*Id.*, p. 6). The magistrate added, however, that the sentence of Life as to Counts One through Thirteen was in excess of the applicable guidelines, but was

found by this Court to be reasonable. (*Id.*, pp, 6-7). The magistrate judge found Foster had shown no error in his guidelines calculation, but that in light of the fact that the sentencing court imposed the statutory maximum for the reasons it stated, it is highly improbable that any change in the guidelines range would have affected his sentence. (*Id.*, p. 7). In sum, the magistrate judge found all of Foster's claims could have been raised in a timely manner in a motion pursuant to § 2255 and he had not shown he was entitled to relief pursuant to the writ of *audita querela*. (*Id.*). The district court adopted the Report and Recommendation and issued its Order denying relief. (Doc. 73).

## C.  <u>Standard of Review</u>

This Court "review[s] *de novo* the question of whether a prisoner may challenge his sentence by filing a writ of *audita querela*." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).

## SUMMARY OF THE ARGUMENT

A writ of *audita querela* many not be granted when relief is cognizable

under 2255.  Because Foster is a federal prisoner collaterally attacking his

conviction and sentence, relief is cognizable under 28 U.S.C. § 2255.  The fact

that his claims are untimely and beyond the permissible filing period set out in

§ 2255 does not make relief under § 2255 unavailable such that a writ of *audita*

*querela* can do service to challenge his sentence.

## ARGUMENT

**The defendant's post-conviction claims that he was erroneously convicted of multiple counts and sentenced based on an improper application of the guidelines are cognizable under 28 U.S.C. § 2255 and therefore, may not be challenged using a writ of *audita querela*.**

In his 89-page brief, the defendant again raises four issues claiming multiple instances of error he believes the court can review pursuant to a writ of *audita querela*. He recognizes the time to file a petition challenging his conviction and sentence under § 2255 has passed, but argues he can bring his claims under this writ due to changes in the law and because "recent decisions o[f] the Supreme Court made the issues ripe, not only for appeal, but because the incorrect calculation of a sentence, is serious…." Defendant's Brief (DB), pp. 36-37). However, because the defendant is claiming the district court committed errors in imposing sentence, relief is cognizable under § 2255 and therefore, a writ of *audita querela* may not be granted.

In 2005, this Court considered the issue currently before it here in Foster's case -- whether a person in custody can challenge his sentence by filing a motion for a writ *audita querela*. *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). In *Holt*, a federal prisoner filed a petition for a writ of *audita querela* in order to collaterally attack his sentence claiming that *Blakely v.*

14

*Washington*, 542 U.S. 296 (2004), was retroactive. *Holt*, 417 F.3d at 1174. The

*Holt* petitioner argued that a federal court may vacate either a criminal

conviction or a sentence pursuant to a writ of *audita querela* if there is a legal

objection that did not exist at the time judgment was entered, such as through

a change in intervening law. *Id.* Holt claimed that because he could not have

raised his claim until the Supreme Court decided *Apprendi v. New Jersey*, 530

U.S. 466 (2000), and relief was not available to him under § 2255 or § 2241, a

writ of *audita querela* was his only viable avenue of relief. *Holt,* 417 F.3d at

1173-74.

After a brief review of the writ's history, the Eleventh Circuit held that a

writ of *audita querela* may not be granted when relief is cognizable under

§ 2255. *Holt*, 417 F.3d at 1175. Cognizable, however, is not tantamount to

"available." *See United States v. Frank,* 414 F. App'x 252, 254 (11ᵗʰ Cir. 2011)

(petitioner attacking the legality of his sentence was ineligible for relief under a

writ of *audita querela* because he was "eligible to move for § 2255 relief"

despite the expiration of the statute of limitations) (citing *Holt*); *United States v.

Doyharzabal*, 329 F. App'x 874 (11ᵗʰ Cir. 2009) (denying petitioner's motion

claiming that *audita querela* was the only remaining avenue to challenge the

constitutionality of his sentence because the relief sought is "cognizable" under

§ 2255). The *Holt* Court noted that it was proper to liberally construe Holt's

15

*audita querela* petition as a motion pursuant to § 2255. *Holt,* 417 F.3d at 1175. Because Holt had not obtained an order authorizing the district court to consider what would be his second and successive motion for § 2255 relief, it affirmed the district court's denial of the motion. *Id.*

This Court has continued to uphold the dismissal of *audita querela* petitions construed as second or successive § 2255 motions. *See, e.g., United States v. Richardson,* 481 F. App'x 534 (11ᵗʰ Cir. 2012); *United States v. Mayne*, 419 F. App'x 953 (11ᵗʰ Cir. 2011); *United States v. Davis,* 352 F. App'x 314, 315 (11ᵗʰ Cir. 2009); *United States v. Arevalo*, 368 F. App'x 957, 958 (11ᵗʰ Cir. 2010). If other statutory remedies are available, the writ is likewise foreclosed. *See United States v. Rainey*, 537 F. App'x 836. 838 (11ᵗʰ Cir. 2013) (claims raised in a petition that were cognizable under § 2241 were thus "otherwise covered by statute" such that relief under a writ of *audita querela* was inappropriate); *Orlansky v. United States*, 627 F. App'x 915 (11ᵗʰ Cir. 2015) (claim of error in restitution order had a statutory remedy, thus foreclosing relief by way of the writ of *audita querela*).

In this case, the defendant was convicted and sentenced in 2006, and his conviction became final in January 2007 after this Court found the district court's sentence was reasonable. (Doc. 74). He now argues the district court calculated his guidelines incorrectly (DB, pp. 55-64), that he was wrongly

sentenced for multiple counts based on one course of conduct, in violation of the principles of double jeopardy (*id.*, pp. 66-79), and the court erred in sentencing him above his guideline range to give him an opportunity for treatment and counseling (*id.*, pp. 80-84). Section 2255 requires that a federal prisoner who contests his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," must file a motion to vacate under § 2255. 28 U.S.C. 2255(a). The defendant's claims fit squarely within those listed in § 2255(a). The fact that the defendant's sentencing challenges are foreclosed by § 2255's one year limitation period does not mean his claims are not congnizable under § 2255 such that another remedy can be used. This Court recently reaffirmed this principle in *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d. 1076 (11th Cir. 2017), *petition for cert.* filed, (July 12, 2017) (No. 17-85). In *McCarthan*, the defendant filed a successive petition seeking review of his sentence under § 2255's saving clause, arguing a change in the law entitled him to further review. *McCarthan*, 851 F.3d at 1080-81. This Court held that a change in caselaw does not make a prisoner's motion to vacate filed under § 2255 "inadequate or ineffective to test the legality of his

17

sentence." *Id.*, at 1080, citing 28 U.S.C. § 2255(e).  The Court went on to explain that a motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim.  *Id.*, at 1099.  Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek *certiorari* in the Supreme Court."  *Id.*

In this case, Foster admittedly recognized that the time had passed to timely file his sentencing claims by way a § 2255 motion.  However, as the *McCarthan* Court noted, while a procedural bar might prevent relief, that does not render the motion itself an ineffective or inadequate remedy.  *McCarthan*, 851 F.3d at 1086.  The fact that Foster's claims were filed untimely, and therefore not reviewable under § 2255, does not equate with being unavailable for purposes of acquiring review under a writ of *audita querela.*

## CONCLUSION

For the reasons stated above, the government respectfully requests that this Court affirm the judgment and sentence of the district court.

Respectfully submitted,

CHRISTOPHER P. CANOVA
United States Attorney

*/s/ Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney
Appellate Division
Northern District of Florida
Florida Bar No. 607169
21 East Garden Street, Suite 300
Pensacola, FL  32502
(850) 444-4000
Nancy. Hess@usdoj.gov

19

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in F.R.A.P. 32(a)(7).  This brief contains  4,011  words.

*/s/ Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that one copy of the foregoing has been mailed to pro se appellant Michael S. Foster, Reg. 06272-017, P.O. Box 24550, Federal Correctional Complex / U.S. Penitentiary, Tucson, Arizona 85734-4550, this 30th day of October, 2017.  On the same date, this brief was filed electronically with the Court.

*/s/ Nancy J. Hess*
NANCY J. HESS
Assistant United States Attorney