

No. 17-12193-D

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

MICHAEL S. FOSTER

Appellant / Petitioner

-Vs.-

UNITED STATES OF AMERICA

Appellee / Respondent

_____

Appeal From The Final Decision Of The

United States District Court For The

Northern District Of Florida

_____

APPELLANTS BRIEF IN REPLY

TO APPELLEE 'S RESPONSE

( Fed. R. App. P. Rule 28.1 )

_____

Michael S. Foster, Fed. No. 06272-017

P.O. Box 24550, United States Penitentiary

Tucson, Az 85734-4550, In Re Pro - Se.

Reply Brief Of Appellee                          Page i.

i. Certificate Of Interested Persons


## I. CERTIFICATE OF INTERESTED PERSONS

### (Fed.R. App. P. Rule 32-2)

_____


That Michael S. Foster, In Re Pro - Se , and Appellant, in this matter certifies, that in addition to persons listed, in Appellants Certificate Of Interested Persons, the following persons and entities may have interest in the outcome of this case.


Appeals Case: 17-12193

D.C. Case No. 3:05-CR-135

United States v. Michael S.Foster


Canova, Christopher P;, United States Attorney

Collier, Lacy A.; Senior United States District Court Judge

Davies, Robert G; Sr. United States Justice

Eggers, Tiffany H.; A, United States Attorney

Kaufman, Chet; Formor Public Defender

Murrell, Randolph,; P. Federal Public Defemder

Timothy, Elizabeth, M.; US. Magistrate


Submitted By;

Michael S. Foster, Fed. No. 06272-017

P.o. Box 24550, United States Penitentiary

Reply Brief Of Appellee                              Page i.

i. Certificate Of Interested Persons


## I. CERTIFICATE OF INTERESTED PERSONS

### (Fed.R. App. P. Rule 32-2)

_____


That Michael S. Foster, In Re Pro - Se , and
Appellant, in this matter certifies, that in addition to
persons listed, in Appellants Certificate Of Interested
Persons, the following persons and entities may have interest
in the outcome of this case.


Appeals Case: 17-12193

D.C. Case No. 3:05-CR-135

United States v. Michael S.Foster


Canova, Christopher P;, United States Attorney

Collier, Lacy A.; Senior United States District Court Judge

Davies, Robert G; Sr. United States Justice

Eggers, Tiffany H.; A, United States Attorney

Kaufman, Chet; Formor Public Defender

Murrell, Randolph,; P. Federal Public Defemder

Timothy, Elizabeth, M.; US. Magistrate


Submitted By;

Michael S. Foster, Fed. No. 06272-017

P.o. Box 24550, United States Penitentiary

Reply To Brief Of The Appellee                    Page ii.

ii. Table Of Contents

## II. TABLE OF CONTENTS

_____

I.      Certificate Of Interested Persons;

....................................................

II.     Table Of Contents,

....................................................

III.    Table Of Authorities,

....................................................

IV.     Arguements And Authorities,

....................................................

          A. Issues Waved, Not Addressed,

                  i. Standard ...

                  ii. Arguement ...

                  iii. Conclusion ...


          B. Issue Is {N}ot Against The Plea
             Nor Conviction, But Sentence Only.


                  i. Standard ...

                  ii. Arguement ...

                  iii. Conclusion ...

Reply To Brief Of The Appellee                    Page iii.

ii. Table Of Contents (2)

        C. Issue Is Not A Untimely § 2255 As The

           Issue Was Not Created Until 2017, Over

           10 Years Later. Correcting What Was

           Once Good Law, But Now Is Unconstitutional


              i. Standard ...

              ii. Arguement ...

              iii. Conclusion ...

...........................................................

V.      Conclusion,

...........................................................

VI.     Certificate Of Compliance,

...........................................................

VII.    Certificate Of Service,

...........................................................

Reply To Brief Of Appellee                    Page 1.

IV. Arguments And Authorities (1)


## IV. ARGUMENTS AND AUTHORITIES

---

Reply Issue One;

> THE APPELLEE FAILED TO ARGUE, ISSUES
> ADDRESSED TO THE COURT OF APPEALS,
> THEREFORE SHOULD BE DEEMED WAVED AND
> VACATE THE SENTENCE, REVERSE JUDGEMENT,
> VACATE SENTENCE, AND REMAND WITH
> INSTRUCTIONS TO CORRECT SENTENCE.

---

### a. Standard Of Review

---

That the Review for the improper use of Appellee
argument as a vehicle for presenting new arguments, and
abandoning the other, is De Novo, -see- [ AAR, Inc v. Nunez,
408 Fed. Appx 828 830 (Fifth and Eleventh Cir. 2011)-],-
quoting- [ Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir.
2004)-].

Reply To Brief Of Appellee                    Page 2.

IV. Arguments And Authorities (2)


b. Argument

_____


That Michael S. Foster, the Appellant, in the case at bar, in the Opening Brief addressed several Issues; Two;


[i.], Whether Or Not The District Court First Established The Correct Guidelines Range, Then Finish The Sentence For Reasonableness, And If So Did The District Court error In Failing To Find The Correct Guidelines Level, Prior To Using The § 3553 Factor. Violating The Constitutional Rights Of The Petitioner?


Issue Three;

Whether Or Not The New Rule Of The Supreme Court Of the United States Makes The Courts Incorrect For Convicting The Petitioner To Multiple Convictions, In Violation Of The Whartons' Rule, Of Double Jeopardy, For The Multiplication Of Of The Same Sentence. And Because Of The New Rule Of Teague Makes The Challenge Available On Collateral Review That Was Not Previously Available?

Reply To Brief Of Appellee                    Page 3.

IV. Arguments And Authorities (3)


Issue Four;

The District Court Committed Plain Error When It
Imposed and Increased The Length Of A guidelines
Recommendation Sentence To Enable The Offender To Complete A
Treatment Program Or Otherwise Promote A Rehabilitation Goal
In Violation Of The Fifth Amendment Due Process Of The U.S.
Constitution. -see- { Opening Brief, Page vii. Statement Of
Issues, as filed}.


That without the proper response in the arguments, the
United States appears to have taken the position that the
issue is addressed. The issue is deemed abandoned, regardless,
and the simple passing of reference is not enough to ague in
any response, the United States rather focused on the First
argument addressed, this appeal, and which will be shown that
the issue is without merit as to the use and reasons for
dismissing the Appeal.

Reply To Brief Of Appellee                Page 4.

IV. Arguments And Authorities (4)

### c. Conclusion

---

Because the issues have not been addressed or
answered, Appellant moves because the issues are proven and
argued being serious Constitutional Errors, and the Appellee
agrees, by defaulting absence of Language. Foster Moves this
Court to once again, to determine, That the Review for the
improper use of Appellee argument as a vehicle for presenting
new arguments, and abandoning the other, is De Novo, -see- [
AAR, Inc v. Nunez, 408 Fed. Appx 828 830 (Fifth and Eleventh
Cir. 2011)-],-quoting- [ Cinel v. Connick,  15 F.3d 1338, 1345
(5th Cir. 2004)-]. And Vacate, Reverse, and Remand for
correction of illegal sentence, and any other relief that this
court deems Just.

Reply To Brief Of Appellee                    Page 5.

IV. Arguments And Authorities (5)


Reply Issue Two.


> THE APPELLANT DID NOT ARGUE ANY ISSUE
> FOR CONVICTION, ALL ARGUMENTS WERE
> CLEARLY ADDRESSED LIMITED TO SENTENCING.

---

The Closest thing that the Petitioner could come to in the reason why the United States refers to the claim that the Petitioner, challenged his conviction, which he has not. And at no time in this Claim did he ever claim that his conviction was incorrect, clearly the claims made, in ' Arguement III ', was that petitioner focused on the "Sentence not the Conviction", the claim is exclusively "Sentence". -see- { Opeaning Brief, Pg. 42, at "Issue / Arguement III }.


a. Standard

---

A reminder that the Fifth Amendment of the Constitution of the United States, protects against ... the Multiple Punishment for the same offence. -see- [ Illinois v. Vatle, 477 US. 410, 415; 65 L.Ed2d 288 (1980)-];

Reply To Brief Of Appellate                    Page 6.

IV. Arguements And Authorities (6)

-and see- [ United States V. McGarty, 669 F.3d 1218, 1253-54
(5th and 11th Cir. 2012)-].

      The Defense of the "Wharton's Rule", the circuit
precedent, ruled that the commission of two (or more) at
different times does not necessarily prove that the crimes
were carried out pursuant to more than one agreement. -see- [
United States v. Nyhuis, 8 F.3d 731, 736 ( 5th and 11th Cir.
1993)-]. (" a conspiracy is an unlawful agreement has as its
object the commission of crimes, on different occasions, there
is still but one conspiracy"), -see- [ United States v.
Marable, 578 F.2d 151, 153 (5th Cir. and 11th Cir. 1988)-].
And any indictment that forms the same course of action, for
which he was both convicted and sentenced, applies, -see- [
United States v. Bobb, 577 F.3d at 1372 (Fifth and Eleventh
Cir. 2009)-]. -see also- (Opening Brief pg, 42 through 55).

Reply To Brief Of Appellate                    Page 7.

IV. Arguements And Authorities (7)


B. Arguement

_____


The issue is relevantly clear, the United States is attempting to bring in the Conviction, in order to salvage the argument. Foster, clearly is argueing the Sentencing at this level, the sentencing was a continuing offence, and the Court Sentenced the issue beyond the rules and the Constitution allowed.


The issue as it related to the Audita Querela, was discovered, after the expiration of the time for Habeas Corpus. Because the issue is a improper calculation of the sentence, and can be raised at any stage of the proceeding, the issue was raised, at the Habeas Corpus Level, when the calculation was discovered incorrect.


Again the Supreme Court in the [Welch {supra}] made cases in this regard available for review, because of the illegal sentencing. The Court did see the incorrect sentencing because they decided to sentence the issues in a group forum.

Reply To Brief Of Appellate                    Page 8.

IV. Arguements And Authorities (8)


        So as Audita Querela has uncovered, that what was once
a good law, that being the excess conviction for one
continuing offence, covered up by sentencing, now that the
sentencing was miscalculated, and because the District Court
incorrectly Miscalculated the sentence, before the 3553 could
be decided, and because the calculation involved multiple
sentences that were and remain Unconstitutional, the case must
be remanded for presentencing only, not the plea.


                        C. Conclusion

                   _____


        Because the Courts sentence is in Jeopardy to the
Double Counting in light to the Supreme Court Precedent, in
Welch, and in the Constitution, as calculated, and effects the
punishment made available to have corrected, by the Supreme
court Of The United States, The Court should Vacate the
sentence, Reverse the Judgement, and Remand for re-
sentencing.

Reply To Brief Of Appellate                    Page 9.

IV. Arguements And Authorities (9)


Reply Issue Three.


      ISSUE IS NOT A UNTIMELY  § 2255.  AS THE

      ISSUE  WAS NOT CREATED  UNTIL 2017, OVER

      10 YEARS LATER. CORRECTING WHAT WAS ONCE

      GOOD LAW, BUT IS NOW UNCONSTITUTIONAL.

---

## A. Standard Of Review

---

    Appellant Foster, ' Agrees ', that the closely identified Standard Of Review, should be found at; [ United States v. Holt, 417 F.3d 1172, 1174 (Fifth and Eleventh Cir. 2005)-]. -see- { Appellee's Response Brief, Pg. 14}.


    In this standard, again the United States tries to put whipped cream on there ding argument, hopefully to sale the issue to this Court. And uses so much false waving and distraction, and manipulation of th cases in hopes that that a ' Reasonable Jurist ', will just ignore the Circuit President, and grant what will be a Manifest Of Justice.

Reply To Brief Of The Appellee                    Page 10.

IV. Arguements and Authorities (10)


Meaning, and agreeing with the United States yet again, that the usual remedy for a Federal Prisoner seeking review of his [c]onviction, it is proper to first seek out the Habeas Corpus found at § 2255. Rather than other available post conviction remedies. -see- [ Zelaya v. Sec. Fla. Dep't Of Corr. 798 F.3d 1360, 1365 ( Fifth and Eleventh Cir. 2015)-].


Other Remedies meaning that Federal Courts, recognize common law postconviction remedies pursuant to the ' All Writs Act ', 28 U.S.C. § 1651. Pursuant to the Supreme Court decision found in [ United States v. Morgan, 346 US. 502, 74 S. Ct. 247; 98 L.Ed 248 (1954)..But not in the Civil [ suit ] context. -see- [ Holt, 417 F.3d at 1174 (Fifth and Eleventh Cir. 2005)-].


And when there is a legal objection that did not exist at the time of judgment, when it was entered. -see- [ Holt, 417 F.3d at 1174 (Fifth and Eleventh Cir. 2005)-]; and many other circuits as well as the Fifth and the Eleventh ( such as the Fourth, Seventh, Ninth, Tenth ), have determined likewise that a Federal Prisoner may not use the Writ of Audita Quererla where relief is available, through a § 2255.

Reply To Brief Of The Appellee                Page 11.

IV. Arguements and Authorities (11)


-see- [ Holt, 417 F.3d at 1176 (Fifth and Eleventh Cir. 2005)-
]; And it is also used to fill the gaps in system of post

conviction remedies. -see- [ Morales v. Fla Dept. OF Corr.,

396 Fed. Appx. 539, 540 ( Fifth and Eleventh Cir. 2009)-].


        That basically the § 2255, is the first and primary

means to attack collaterally the conviction and the sentence -

see- Tolliver v. Dobre, 211 F.3d 876, 878 ( Fifth and Eleventh

Cir. 2000)-], And a § 2241 is only used for attacking errors

that occur in trial or sentencing. In the use of the " Savings

Clause ". -see- ; And may use the § 2241 if an otherwise

available remedie under § 2255 is inadequate or ineffective. -

see- Lee v. Vazquez, 266 Fed. Appx. 846 ( Fifth and Eleventh

Cir. 2008)-].


        Another way a prisoner may otherwise use the § 2241,

is when (1) the claim is based upon a retroactively applicable

United States Supreme Court decision; (2) that establishes

that the prisoner was convicted of a nonexistent offence; (3)

circuit law squarely foreclosed such a claim at the time it

otherwise should have been raised in the petitioner's trial,

appeal, or first § 2255,

Reply To Brief Of The Appellee                    Page 12.

IV. Arguments and Authorities (12)


and all three issues are met, -see- [ Lee v. Vazquez, 266 Fed.
Appx. 846 ( Fifth and Eleventh Cir. 2008)-].    A § 2241 may
be granted in five other situations.


    However, Holt, the preferred decision of the United
States, found that in their case, that a previous § 2255 was
previously filed. And because the request was then filed for
another § 2255, but using the vehicle of the Writ Of Audita
Querela, that it was in fact a Second and Successive § 2255,
which is not permitted,        A § 2241 may be granted in
five situations, - see - [ Holt, 417 F.3d at 1175 (Fifth and
Eleventh Cir. 2005)-].


B. Argument

---


    The United States has determined that, the filing is a
Untimely and unreviewable, and therefore not qualified under
Writ Of Audita Querela. -see- { Appellee Response Brief, pp.
18 }. But the AUSA also argues that when a ' Cognizable '
claim is available for Post Conviction Relief, dispute wether
or not, a good ruling will become of the filing, the Appellant
[must] file the brief regardless.

Reply To Brief Of The Appellee                    Page 13.

IV. Arguements and Authorities (13)

     That in the world of the AUSA offices that ' eligible ', is tantamount to ' regardless '.

     Meaning that if the issues, if normally timely, are cognizable, then if you are late, or failed to file, for what ever reason, even if the issue would be deemed frivolous, that the § 2255, must be used regardless, of the foreseablie results. -see- { Appellee Response Brief, pp. 15 - 16.

     It should be noted that, the United States abandoned the issue found in Issue One. The District Court alleged that relief was available in § 2255 at (3)(and) (4). And Foster, notes that the argument found at Pg 14, in the { Appellant's Opening Brief, pp. 14}, made that simple argument. To The Default of the United States.

Reply To Brief Of The Appellee                    Page 14.

IV. Arguments and Authorities (14)


        The Problem is, the Appellant filed the Petition, in
the form that is permitted, by the Common Law, Writ of Audita
Querela. As (1) The issue was [p]ost time limits for any
Appeal, and Habeas Corpus Relief, (2) because it was post, and
was not ruled by the Supreme Court to be Retroactive (3) and
dealt with the Sentencing Calculations, found in a 2017 case;
(4) that under the Supreme Court case, was made available in
2016 - 2017, (5) and it dealt with, a Sentence [ only ], that
was once believed to be good law, but as ruled now was not
good law. Is by definition ripe for Audita Querela.


        It is not possible to file a § 2255 and declare a case
in 2009, from the 2017, and it is nowhere incorrect for the
Appellant, when he filed the Petition that he only sought out
to have the Sentence Corrected based on the Supreme Court
cases.


        Foster, hereby Incorporated the entire brief, of the
Appellant, as if fully included herein, pursuant to Rule 10 of
the Fed.. R. Civ. P.

Reply To Brief Of Appellee                    Page 15.

IV. Argument And Authorities (15)


## a. Applicability Of § 2255

---------------------------------


It is typical of the § 2255, that Motions made [a]fter
the one year period, will typically be herd . -see- [ Zelaya
v. Sec., Fla. Dep't Of Corr., 798 F.3d 1360 (Fifth and
Eleventh Cir. 2015)-]. Lates of " the date in which the
judgement of conviction became final, (2) the date on which
the impediment to making a motion created by governmental
action in violation of Constitution or Laws of the United
States is removed, if the movant was prevented from making a
motion by such government action; (3) that the date on which
the right asserted was initially recognized by the Supreme
Court, and made retroactive, on collateral review.; (4) the
date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.


Now although the United States 'dropped the ball' on
this issue, the District Court dismissed the action because
it ( it being the Magistrate ), claimed that the Foster, was
able to use subsection either (f)(3), or (f) (4).

Reply To Brief Of Appellee                    Page 16.

IV. Argument And Authorities (16)


     However as argued in the { original Brief pp. 14 },

this was simply not true, and apparently well proved since the

United States refused to Reply.


     Either way the false claim that the Appellant Foster

was " out of time ", to file this Habeas is so confusing

because he did not file a § 2255, because it was unavailable.

But at no time was it untimely.


     The Supreme Court has already made ready for

Collateral Review, that the incorrect application to the

Sentencing Guidelines. -see- [ Slack V. McDaniel, 529 US 473,

488; 146 L.Ed2d 542; 120 S. Ct. 1595 (2000)-]; -see also- [

McCarthan v. Dir. of Goodwill Indus. - Suncoast, 851 F.3d

1076, 1097 (fifth And Eleventh 2017)-].


     Having merit in this regards, in 2006 when the

Appellant Foster was present in the Court. We did not believe

that the Court was incorrectly accepting the recommendation of

the Presentence Investigations, that on its face were

incorrect.

Reply To Brief Of Appellee                    Page 17.

IV. Argument And Authorities (17)


        I mean with the thousands of cases before the Court
the task was the United States Parole Office, to assist the
Court. And they not the Judge in this part of the case dropped
the ball.


        That at sentencing in 2006, the Sentencing Guidelines
in its infancy, was just beginning, so at that time it would
be no surprise that the "kinks" were still being worked out. -
see- [ United States v. Booker, 543 US. 220; 125 S.Ct. 738;
160 L.Ed2d 621 (2005)-]. ("Changing from Mandatory To
Advisory").


        And then it was not until 2013 that the Supreme Court
began clearing up the intent to the Sentencing guidelines, -
see- [ Alleyne v. United States,  570 U.S. __; 186 L.Ed2d 314;
133 S. Ct. 2151 (2013)-], where it directed the cases were not
[ by declaration by the Supreme Court made retroactive on
collateral review ], -see- [ Santillana v. Uton, 846 F.3d 779,
782-783, (Fifth and Eleventh Cir. 2017)- ].

Reply To Brief Of Appellee                    Page 18.

IV. Argument And Authorities (18)


     And because of the Retroactivity debate, the issue was
not available. Then in 2016, while dealing with the [ Johnson
v. United States, 576 US. __; 192 L.ed2d 569; 135 S. Ct. 2551,
(2015)-].; that the Supreme Court of the United States,
assisted this type of Question by bringing [ Welch v. United
States 578 US.  ; 136 S.Ct. 1257,; 194 L.ed2d 387 (2016)-].


     Welch, created a added level of acceptance to
consideration of cases and assisted Teague, in the evaluation
of what could be considered Retroactive on collateral Review.
- referring to - [ Teague v. Lane, 489 US. 288; 109 S. Ct.
1060; 103 L.ed2d 334 (1989)-]. Welch made it clear that new
procedures and substantive rules, would apply on collateral
review. It had to change this in order for Welch to make it
through the tunnel, as it was too big to fit.


     In the change, came [ Molina- Matinez v. United
States, __ US. __; 194 L.Ed2d 444; 136. S.Ct. 1338 (2016)-],
that started the issue of the Correct calculation. In the
ruling it fostered the action that the Sentencing Guidelines
must begin at the correct level, meaning both calculations, as
well as the books doing the calculations.

Reply To Brief Of Appellee                    Page 19.

IV. Argument And Authorities (19)


        This is know to be true, because [ Hurst V. Florida,
577 US. __; 193 L.Ed2d 504; 136. S.Ct. 616 (2015)-] ( Instant
Reversal ), because of the same issue, see the series of
reverses in this circuit of the same issue, -see- [ Russel v.
Alabama, 577 US. __; 136 S. Ct. 616; 193 L.Ed2d 504 (2016)-] -
see also- Mathis v. United States, __ Us. __; 195 L.Ed2d 604;
136 S. Ct. 2243-];


        The Supreme Court has made it clear there is an
essential framework the Guidelines as established for
sentencing proceedings, And the Guidelines are to be the
starting point, the bench mark. -see- [ Gali v. United States,
522 US. 38, 49; 128 S. Ct. 586; 169 L.Ed2d 455 (2007-].


        Because the Court sentenced the Appellant using a
multiple of mistakes, and because the issue was presented, in
2016. When the Supreme Court of the United States made the
issue retroactive, pursuant with the application of the
principal of Molina, and the Actual Innocence of Pugh, the
application is clear.

Reply To Brief Of Appellee                    Page 20.

IV. Argument And Authorities (20)

V. CONCLUSION

## C. CONCLUSION

---

        That because the issue was not addressed in the
Supreme Court until 2016 - 2017, and because the issue
presents correcting an illegal sentence. And because the
Appellant has shown that the § 2255 is unavailable, and
because he also has shown that he argues that issue that was
once right, but is now incorrect in regards to sentence.
Challenge only to the sentence, not the conviction or the
plea. Appellant moves this Court in a clear showing the Audita
Querela is only available for such collateral proceedings, and
further move this Court to vacate, the sentence, Remand for
correction, and any other procedure the court deems just in
this matter.

Reply Brief Of Appellee                    Page 21.

VI. Certificate Of Compliance (1)


### VI. CERTIFICATE OF COMPLIANCE

_____


        That I, certify that this brief complies with F.R.A.P.

Rule 32(a)(7)(B)(i)(ii). As as Reply Brief contains less than

600 actual lines of text.



        That this document complies with the Typeface and

Typestyle, as is monospaced. Pursuant to F.R.A.P. Rule 32

(a)(5), and the Type-style requirements F.R.A.P. 32 (a)(6).



Submitted By:

Michael S. Foster

Fed. No. 06272-017

P.O. Box 24550

United States Penitentiary

Tucson, Az 85734-4550


In Re Pro Se.

Permission To File Brief                          Page   .
Certificate Of Service / Declaration


CERTIFICATE AND DECLARATION OF SERVICE

_____


        I, hereby state that the above and foregoing was
placed in the United States Postal Service, Postage Pre-Paid,
to the following on this  9ᵗʰ date of November 2017. By
Placeing the article in the hands of a U.S. Prison Employee,
who inspected the article to be mailed, then placed Indigent
postage on the envelope, then delivered the article to be
mailed to a U.S. Postal Carrier, with a copy being generated
to the following, pursuant to the Prison Mail Box Rule, of
Houston v. Lack, 487 US. 266 (1988), -see also [ Coley V.
Perry, 2017 US. App. LEXIS 9552 (4th Cir. 2017)-].


Mr. Christopher P. Canova, and Nancy Hess, United States
Attorney Office, District Of Florida. 21 East  Garden Street,
Suite 300 Pensacola Florida 32501.


Mailed by

Michael S. Foster
Fed. No. 06272-017